FRANK FRANKLIN, APPELLANT, VS. LOTON M. JONES, ADMINISTRATOR, &C., APPELLEE.

1. The reformation of written instruments, when by mistake they express more or less than the parties intended, is a well established branch of equity jurisdiction.

2. The writing should be taken to be the sole expositor of the intent of the parties until the contrary is established by full and satisfactory proof, beyond reasonable controversy.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

Frank Franklin v. Loton M. Jones, Adm'r, &c.—Opinion of Court.

*R. B. Archibald* for Appellant.

*Hartridge & Young* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Frank Franklin filed his bill in the Circuit Court of Duval county against Mary Burrill. The bill alleges that on the 26th day of March, A. D. 1874, complainant conveyed by deed to the defendant lot 2 in block 114, in the city of Jacksonville. That by the said deed of conveyance your orator only intended to convey to said Mary Burrill an estate in said lot during her natural lifetime, and inetnding to retain the fee simple in the same in himself.

That the defendant was his mother and that he received no consideration of any kind for the lot.

The bill prays that the deed may be decreed to be null and void, and instead thereof, that the court may decree to defendant a life estate in the property. The defendant answered the bill denying all the material allegations therein and alleging that she purchased the lot from the complainant for the consideration of one hundred dollars as expressed in the deed.

The defendant having died after putting in her answer, Jones, as her administrator *cum testamento annexo* was made a party defendant.

The complainant filed a general replication.

Testimony having been taken by both parties, and the cause coming on for a hearing, the chancellor dismissed the bill and the complainant appealed.

In the case of Jackson *et al.* vs. Magbee *et al.*, 21 Fla., 622, this court held that while equity would reform a written instrument when by a mistake it did not contain the true agreement of the parties, yet it would only do so when the mistake was plain and the proof was full and satisfac-

tory. That the writing should be deemed to be the sole expositor of the intent of the parties until the contrary was established beyond reasonable controversy. That such relief would not be granted where the evidence was loose, contradictory or equivocal. A review of the evidence for the complainant fails to assure us that it is of that character and sufficiency which the law requires, and is contradicted by the answer and the evidence of witnesses for the defendant.

There was no error in the decree of the court, and the same is affirmed.