CHARLES A. ETHEREDGE, AS SURVIVING PARTNER OF THE FIRM OF SLADE & ETHEREDGE, APPELLANT, VS. BOLYN B. BARKLEY, APPELLEE.

B. being indebted to S. & E., signed a piper agreeing that if S. & E. would extend the time in which he was to pay them the amount he was due them upon a decree of the court, till a specified day, he would pay S. & E. interest on the decree at the rate of twelve per cent. per annum, instead of the legal rate, eight per cent; S. & E. did not accept the agreement, nor did they by any act show that they intended to accept it, but ordered the property of B. sold under the decree, unless he paid the costs of the decree. B. paid the costs under protest, but did not pay the increased rate of interest on the decree. E., as surviving partner of S. & E., then brought suit against B. on his agreement:

*Held*, That as S. & E. did not accept or assent to the agreement so as to bind themselves thereby, and as they violated the agreement, if bound by it, B. was not liable upon the agreement.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion of the court.

*McKinnon & Langley* for Appellant.

*Liddon & Carter* for Appellee.

MITCHELL, J.: The appellant, complainant below, foreclosed a mortgage in the Circuit Court of Jackson county against the appellee (defendant below); decree was rendered November 26th, 1883, for $267.30; subsequently the following agreement was entered into:

JANUARY 29, 1886.

In consideration of an extension granted me until March 1, 1886, I do hereby agree that a certain decree of foreclosure obtained against me in the Circuit Court of Jackson county, Florida, by James B. Slade and Charles A. Etheredge, co-partners under the firm name and style of Slade & Etheredge, bear interest at the rate of twelve per cent. per annum, instead of the legal rate, and I promise hereby, for the consideration aforesaid, to pay said rate of interest on said decree from date of same. It is understood that if I fail to make payment of said decree by March 1st, 1886, but shall instead give Slade & Etheredge such further security as they have before this proposed by letter to Liddon & Carter, my attorneys, then payment of said decree is not to be enforced before October 1st, 1886.

Witness: B. B. BARKLEY.

BENJ. S. LIDDON.

The defendant failed to make payment by the first of

March, 1886, and the plaintiff commenced suit upon the said agreement.

The defendant filed several pleas, all of which were demurred to, and the demurrer was sustained as to all but the first, which is as follows : " That after the execution of said agreement, said Slade & Etheredge violated said agreement and refused to grant the extension provided for in the same, but directed the property of the defendant embraced in the foreclosure decree mentioned therein to be sold to satisfy said decree, on the first Monday in February, 1886, unless this defendant would pay plaintiffs the further sum of forty-nine 50-100 dollars, the costs accumulated upon said foreclosure decree, which sum the defendant was forced to pay.

Plaintiffs joined issue on this plea, the issue was submitted to a jury, and the jury found for the defendant, and the case comes here from an order of the Circuit Court overruling plaintiff's motion for new trial.

The errors assigned are :

1. The verdict of the jury is contray to law, evidence and charge of the court.

2. The verdict of the jury is against the weight and preponderance of the evidence, and unsupported by the evidence.

3. The court erred in charging the jury that if they found that Mr. Philips was the agent of Messrs. Slade & Etheredge, and that as their agent he was directed to sell under the decree unless the defendant would pay the cost, that then they would find for the defendant.

4. The court erred in charging the jury if Slade & Etheredge directed the sale of the property unless defendant would pay the costs, that then they would find for the defendant.

The *gravemen* of the case is, whether the defendant, Bark-

ley, was, under the circumstances, liable to the plaintiff upon the agreement to pay him the increased rate of interest therein provided for.

Judge Story (1st Story on Contracts, sec. 490,) says: " In order to create a contract, it is essential that there should be a reciprocal assent to a certain and definite proposition So long as any essential matters are left open for furthe. consideration, the contract is not complete; and the minds of the parties must assent to the same thing in the same sense. A mere offer not assented to constitutes no contract, for there must be not only a proposal, but an acceptance thereof. So long as a proposal is not acceded to, it is binding upon neither party, and may be retracted."

The intention of the defendant in signing the agreement is patent; it was for the purpose of procuring an extension of time in which to settle his indebtedness to Slade & Etheredge, but, what can be gathered from the alleged agreement as to the intention of Slade & Etheredge ? They did not sign the agreement, nor did they, by any act of theirs, show that they intended to assent to the terms of it; on the contrary they plainly indicated that they did not feel bound thereby, and that they would not be controlled by the terms thereof.

Frank Philips was appointed master by the court to sell the mortgaged property, and, notwithstanding the agreement, he advertised the property for sale on the first Monday in February, 1886, just a few days subsequent to the date of the agreement; the defendant went to him and showed him the agreement, but he said that there had been different payments made on the decree directly to Slade & Etheredge, that he wanted his costs, and would sell the land if the defendant did not pay them. Before sale day Philips telegraphed and wrote to Slade & Etheredge, (who at the time resided at Columbus, Georgia,) asking for in-

structions, and they instructed him to sell if the costs were not paid by the defendant, and thereupon the defendant paid the costs, as he says, to prevent the sale of his property, notwithstanding he had not agreed to do so.

And now can it be that this agreement was binding upon the defendant, can it be that he is liable upon the same, and the other parties to the agreement are not bound by it, or only bound by it when they think it is to their interest to be so bound? This is not the law. To make such agreements binding upon one party, it must be binding upon all, and if a party bound violates the agreement it releases the other party. No agreement can bind one party and not the other; in such a case there is that lack of mutuality or reciprocity which is required to make such agreement binding on any party. Story, *supra,* and notes thereto; 1 Parsons on Contracts, 475; Abbott vs. Shepard, 48 N. H., 14; Eskridge vs. Glover, 26 Am. Dec., 349, and note thereto; Car vs. Duval, *et al.,* 14 Peters, 76.

Philips, who was acting under the instruction of Slade & Etheredge, did not postpone the sale in consequence of the agreement, but he says that it was postponed on account of the payment of the costs by the defendant, and that he would have sold the land on the first Monday in February if the defendant had not paid the costs. Philips, by the acts of Slade & Etheredge, was constituted their agent, and when he speaks he speaks for them, and clearly shows that the agreement was not the cause of the postponement of the sale, and it would be difficult to see upon what principle of law or equity the plaintiff could claim the increased rate of interest upon the decree, under the provisions of the agreement, even if Slade & Etheredge assented to it, but as it is not shown that they assented to it, and as their acts show that they did not consider themselves

bound by it, certainly there was nothing to bind the defendant.

But suppose Slade & Etheredge assented to the terms of the agreement and afterwards violated it, how would they stand then ?

The plea avers that Slade & Etheredge violated the agreement by adding to it a condition not contemplated by the agreement, and the jury, under an appropriate charge of the court, found that they, Slade & Etheredge, had violated the contract, and as there was evidence to support the verdict, we see no reason why it should be disturbed.

Where the parties enter into an agreement, and one of the parties violates it, as a rule, the other party is thereby released from the agreement.   Lara, Ross & Co. vs. Greeley *et al.*, 20 Fla., 926 ; Green vs. Green, 9 Cowen, 46 ; Haynes vs. Hart, 42 Barbour, 58, and authorities cited, *supra*.

There are other questions raised by the pleadings and the rulings of the court, but we see nothing in these questions which should cause a reversal of the judgment of the Circuit Court.

The judgment is affirmed.