L. HORNE, K. W. HORNE, J. B. NORMAN, JR., ROBERT J. KNIGHT, JOHN W. MCINTOSH, G. A. PETTEWAY AND L. S. PETTEWAY AS CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF KNIGHT, NORMAN & Co., *Appellants,* v. THE J. C. TURNER CYPRESS LUMBER COMPANY, A CORPORATION CREATED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW JERSEY, AND J. J. PICKREN AND LAZARUS B. VARN, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF J. J. PICKREN & COMPANY, *Appellees.*

1. It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.

2. While equity will reform a written instrument when by a mistake it does not contain the true agreement of the parties, yet it will only do so when the mistake is plain and the proof full and satisfactory. The writing should be deemed to be the sole expositor of the intention of the parties until the contrary is established beyond a reasonable doubt.

3. The *allegata* and *probata* must reciprocally meet and correspond, the issues being made by the pleadings to which the proof must be confined. If the proof must be full and satisfactory in order to warrant a court of equity in decreeing the reformation of a written instrument, and such proof must correspond to and with the allegations upon which such reformation is sought, it is an obvious corollary that such allegations must likewise be full and satisfactory.

4. In a bill to reform a written instrument, the complainant should set forth the terms of the alleged real agreement and also the instrument as reduced to writing, and point out distinctly and clearly wherein there was a mistake and in what it consisted. A court of equity does not rectify contracts but only the written instruments purporting to, but not in fact, evidencing the terms of contracts.

5. In order to warrant a court of equity in decreeing the reformation of a written instrument for a mistake, it must be alleged and proved that the reform sought is according to the agreement of both parties at the time the instrument was written and the mistake made. When an instrument is written as one party understands it, and not as the other party understands it, there is no ground for reformation, since a reformation cannot make a new contract which the parties never mutually agreed to make.

This case was decided by Division A.

Appeal from the Circuit Court for Hernando County.

### *Statement.*

The appellants filed their bill in chancery against the appellees in the circuit court for Hernando county for the

692    SUPREME COURT OF FLORIDA,

Knight, Norman & Co. v. Turner C. & L. Co.—Statement of Case.

reformation of a deed to certain parcels of land therein described. A temporary injunction or restraining order against the defendants was granted by the circuit judge, without notice. The bill was amended, under leave of the court. A demurrer was interposed thereto by J. J. Pickren and Lazarus B. Varn, two of the defendants, which was overruled, and an answer to the bill with a demurrer incorporated therein was filed by the J. C. Turner Cypress Lumber Company, the other defendant. At the final hearing a final decree was rendered sustaining the demurrer, dissolving the injunction and dismissing the bill. From this decree the complainants have entered an appeal to this court. The deed in question, which is attached as an exhibit to the bill and made a part thereof, was executed on the 30th day of November, 1900, by Robert J. Knight and wife to The J. C. Turner Cypress Lumber Company.

The allegations in the bill relating thereto, immediately following the description of the lands, are as follows: "And being at that date seized and possessed of the said lands, the said Robert J. Knight, with the joinder of his wife, Mary M. Knight, entered into a contract with the defendant, The J. C. Turner Cypress Lumber Company, by the term of which the parties then and there agreed, and your orators charge that it was the intention of the parties to enter into a contract for the conveyance of the said lands by the said Knight and wife to the said The J. C. Turner Cypress Lumber Company, upon a condition to be set out and expressed in the said deed of conveyance, as follows: That it was the intention of the said parties that there should be a full absolute and explicit exception in the said deed of the turpentine privilege on that portion of the said lands above described, which contained a growth of pine timber, for a period of four years, said four years to begin at such time as was convenient

and practicable for the said Knight or his assigns to exercise the same, and especially, your orators charge, that the said Knight in and by the said contract with the said J. C. Turner Cypress Lumber Company, excepted such turpentine privilege to be exercised and enjoyed by the said Knight or his assigns for a period of four years, and that said Knight or his assigns should be permitted to begin the boxing and cutting of timber at such time as was practicable and convenient for the said Knight or his assigns, and that the said Knight or his assigns should enjoy said privilege for a period of four years from and after the date when said pine trees should be boxed, and in this connection complainants charge, that it has been impracticable, if not impossible, for the said Knight or his assigns to cut and box and work all the pine trees growing on the said lands, and that only a portion of the same, as hereinafter set out, has been boxed and are being worked for turpentine purposes.

Your orators charge that by the terms of the said agreement and understanding between the said Knight and the J. C. Turner Cypress Lumber Company that the said Knight intended to retain, and not convey to the said J. C. Turner Cypress Lumber Company and the said J. C. Turner Cypress Lumber Company intended and understood that the said Knight did not convey, but retained the privilege of working the pine trees on said lands for four years, and that such period should begin at such time as was practicable for the said Knight or his assigns to enjoy the said turpentine privilege.

Your orators show that in pursuance of the said agreement the said R. J. Knight undertook and attempted to convey to the said The J. C. Turner Cypress Lumber Company the lands above described, with the exception of the turpentine privilege of the character and nature last

above described, and on the 30th day of October, 1900, the said Knight and wife executed and delivered a deed of conveyance to the said The J. C. Turner Cypress Lumber Company, a certified copy of same is attached hereto and made part hereof, marked "A", and in and by said deed attempted to set out the exception of the turpentine privilege of the nature and kind above set out in your orator's bill, but your orators show that in the drafting and drawing of the said deed of conveyance, and by error of the scrivener, the said contract and agreement made between the said Robt. J. Knight and the said The J. C. Turner Cypress Lumber Company was not excepted in the language of their said agreement, nor does the language in said deed set forth the true contract and agreement between the parties, as your orators are advised and believe.

Your orators charge the said lands were sold, and the consideration for the conveyance for the same, was fixed with reference to the absolute retention by the said Knight of a full turpentine privilege on the said lands, the same to be worked by the said Knight or his assigns for a full period of four years from and after the date when it might be practicable for the said Knight or his assigns to enter upon and cut and box the same.

Your orators show that in the drawing and drafting of the said deed, and of the clause by which it was intended to preserve the right of the grantor and his assigns, the language in said deed is insufficient, and does not clearly set forth the contract and agreement between the said Knight and the said The J. C. Turner Cypress Lumber Company, in this: Said clause in said deed referred to, reads as follows: 'The grantor specially reserves the right to box, cut and work for turpentine purposes, all the pine trees growing upon the premises above described, and each and every part thereof, and a

VOL. 55, JANUARY TERM, 1908.    695

Knight, Norman & Co. v. Turner C. & L. Co.—Statement of Case.

full turpentine privilege, including the right of entry and passage over and upon the above described lands for the period of four years.    It being specially agreed by the grantee named herein that no other person or corporation shall have the said turpentine privilege or the right of passage over and upon any part of the above described lands during the said four years, for turpentine and mill purposes, other than the grantor. named in this conveyance.' And your orators charge that the said clause in the said deed should have been in the nature of an absolute exception, and not a mere reservation of the turpentine privilege to the said Knight, and should have set forth the full contract agreed upon, and understood between the said Knight and the said J. C. Turner Cypress Lumber Company, to the effect that the said Knight and his assigns should have the privilege of beginning the cutting of boxes at any time when it was practicable and convenient to the said Knight to do so, and that they should have a full four year period to enjoy the said privilege, after the boxes were cut in the pine trees growing on said lands.

Your orators charge that they have been advised that the language in said deed does not fully and properly express the contract agreement and understanding between the said Knight and the said The J. C. Turner Cypress Lumber Company, and that the said deed should be reformed to express the real intention of the parties, made and agreed upon at the time of the making of the said deed of conveyance."

Succeeding allegations in the bill and in the amendment thereto, set forth that before the filing of the bill, Robert J. Knight had entered upon a portion of the lands, of which a description is given, and had cut and boxed the same for turpentine purposes; that various and sundry conveyances had been executed, by Knight and

696    SUPREME COURT OF FLORIDA,

Knight, Norman & Co. v. Turner C. & L. Co.—Statement of Case.

others, by which the turpentine privilege so reserved in the deed became vested in the complainants; that the J. C. Turner Cypress Lumber Company had sold and transferred to J. J. Pickren & Company, the co-defendants "a pretended right and privilege to enter upon the said lands and work the same for turpentine purposes;" that all the defendants both prior and subsequent to such transfer had knowledge of the fact that complainants were in possession of the lands working a portion of the same for turpentine purposes and that by reason of the record of the conveyance from Knight to the Turner Lumber Co., as well as by reason of the record of other conveyances, the defendants had constructive notice of the claim of complainants to such turpentine privilege.

The prayers of the bill read as follows: "Your orators are without remedy in the premises, except in a court of chancery, and they pray that a writ of injunction may issue restraining the defendants and each of them, their agents, servants, attorneys and employes, and all other persons on their behalf, from in anywise interfering with your orators working the said timber growing on said lands for the purposes aforesaid, and that they may be restrained and enjoined from interfering in any way with your orators' laborers, by accosting and threatening them, or engaging them in conversations, or in any wise deterring your orators and their said laborers from the complete enjoyment of the said turpentine privilege in the said lands, until the further order of this court, and that upon the coming in of the master's report that a decree perpetual in its nature may be granted to your orators. Your orators further pray that if in the judgment of your honor, the language in the said deed of conveyance from the said Knight to the said The J. C. Turner Cypress Lumber Company is insufficient to fully protect your orators' rights in the premises that your orators may

VOL. 55, JANUARY TERM, 1908.     697

Knight, Norman & Co. v. Turner C. & L. Co.—Opinion of Court.

have a decree of this honorable court reforming and re-casting the clause in the said deed which purports to protect the turpentine privilege in the said Knight and his assigns for a full period of four years from and after the date of cutting boxes in the timber growing on said lands, the same to be cut at such time as is practicable and convenient to your orators to cut the same, and that your orators may be permitted to work the timber for a period of four years from and after the time the same is so cut."

Then follow prayers for subpoena and general relief.

We deem it unnecessary to set forth the answer and the demurrer incorporated therein.   Suffice it to say that the demurrer attacked the bill for want of equity, one of the specific grounds thereof being "that in appears by the said bill that the complainants seek to substitute an alleged contract which is void for uncertainty."

*R. L. Anderson* and *G. C. Martin*, for appellants;

*Davant & Davant*, for appellees.

SHACKLEFORD, C. J., (*after stating the facts.*)—It is settled law in this court that in equity, as well as at law, a pleading is to be most strictly construed against the pleader thereof, and in passing upon a demurrer to a bill every presumption is against the bill.   It is incum-bent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein, as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.   Durham v. Edwards, 50 Fla. 495, 38 South. Rep. 926, and authorities there cited; Barco v.

Doyle, 50 Fla. 488, 39 South. Rep. 103; Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597; Weeks v. J. C. Turner Lumber Co., 53 Fla. 793, 44 South. Rep. 173; McClinton v. Chapin, 54 Fla. 510, 45 South. Rep. 35. This principle has also been held to be especially applicable to bills seeking an injunction. Godwin v. Phifer, *supra;* Hall v. Horne, 52 Fla. 510, 42 South. Rep. 383; Baker v. McKinney, 54 Fla. 495, 44 South. Rep. 944. As we shall also see, it necessarily follows from former decisions of this court that this principle is also peculiarly applicable to bills seeking the reformation of a deed or other written instrument. It has been uniformly held by this court that, "while equity will reform a written instrument when by a mistake it does not contain the true agreement of the parties, yet it will only do so when the mistake is plain and the proof full and satisfactory. The writing should be deemed to be the sole expositor of the intent of the parties until the contrary is established beyond a reasonable doubt." Jacobs v. Parodi, 50 Fla. 541, 39 South. Rep. 833, and authorities there cited; Griffin v. Societe Anonyme La Floridienne J. Buttgenbach & Co., 53 Fla. 801, 44 South. Rep. 342. The following authorities will also prove instructive upon this point: Jackson v. Magbee, 21 Fla. 622; Franklin v. Jones, 22 Fla. 526. It is a further established rule that the *allegata* and *probata* must reciprocally meet and correspond. Lyle v. Winn, 45 Fla. 419, 34 South. Rep. 158, and authorities there cited; Pinney v. Pinney, 46 Fla. 559, 36 South. Rep. 95, and authorities cited; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318. In fine, the issues are made by the pleadings and the proof must be confined thereto. If the "proof must be full and satisfactory" in order to warrant a court of equity in decreeing the reformation of a written instrument, and such proof must correspond to and with the

VOL. 55, JANUARY TERM, 1908.    699

Knight, Norman & Co. v. Turner C. & L. Co.—Opinion of Court.

allegations upon which such reformation is sought, it is an obvious corollary that such allegations must likewise be "full and satisfactory." Citizens' National Bank v. Judy, 146 Ind. 322, 43 N. E. Rep. 259, will also be found to be quite an instructive case, containing full citation of authorities and copious extracts therefrom. Among other things said therein, is, "the rule is that, in an action to reform a written instrument, the plaintiff must set forth the terms of the original agreement, and also the agreement as reduced to writing, and point out with clearness wherein there was a mistake;" also that "courts of equity do not rectify contracts. They may and do rectify instruments purporting to have been made in pursuance of the terms of contracts." We would also refer to 6 Pomeroy's Equity Jurisprudence, sections 675 to 683, and the authorities cited in the notes.

As has been well said: "To reform an instrument for a mistake in writing, it must be shown that the reform sought is according to the agreement of both parties at the time the instrument was written and the mistake made. When an instrument is written as one party understands it, and not as the other party understands it, there is no ground for reform. A reformation cannot make a new instrument which the parties never agreed to make." Welshbillig v. Dienhart, 65 Ind. 94, text 99. In other words, "the reformation is not to make a new agreement between the parties, but to establish and perpetuate the old one." Maupin's Marketable Title to Real Estate, (2nd ed.) 556. It is elementary that there must be a meeting of two minds in one and the same intention in order that there may be a contract. Etheredge v. Barkley, 25 Fla. 814, 6 South. Rep. 861. It is also true that a contract under seal cannot be modified before breach by a parol executory contract. Tischler v. Kurtz, 35 Fla. 323, 17 South. Rep. 661. It is further

true that "when parties deliberately put their engage-
ment in writing in such terms as import a legal obliga-
tion, without any uncertainty as to the object or extent
of the engagement, it is, as between them, conclusively
presumed that the whole engagement and the extent and
manner of the undertaking is contained in the writing.
* * * No other language is admissible to show what
they meant or intended, and for the simple reason that
each of them has made that to be found in the instrument
the agreed test of his meaning and intention." Perry
v. Woodberry, 26 Fla. 84, text 90, 7 South. Rep. 483,
text 485. Also, as was said in Pensacola Gas Co. v.
Lotz, 23 Fla. 368, text 378, 2 South. Rep. 609, text 611,
"the first point in construing a contract is to ascertain
what was the meaning and understanding of the parties,
as shown by the language used, applied to the subject
matter."

Let us test the bill by the application of the foregoing
principles.

The instrument of which the reformation is sought is
a deed poll executed by Robert J. Knight, one of the
complainants, joined by his wife, on the 30th day of
October, 1900, to The J. C. Turner Cypress Lumber
Company, one of the defendants. We start out with the
assumption that the language used therein represented
and set forth the meaning and intention of both the
grantor and the grantee. The particular clause therein,
reformation of which is sought, is plain, simple and cer-
tain: "The grantor specially reserves the right to box,
cut and work for turpentine purposes, all the pine trees
growing upon the premises above described, and each
and every part thereof, and a full turpentine privilege,
including the right of entry and passage over and upon
the above described lands for the period of four years,
it being specially agreed by the grantee named herein

that no other person or corporation shall have the said turpentine privilege or the right of passage over and upon any part of the above described lands during the said four years, for turpentine and mill purposes, other than the grantor named in this conveyance." It cannot be successfully contended that any other legitimate construction can be placed upon this language than that the grantors reserved the rights therein specified for a period of four years from the date of the execution of the deed. Indeed, it is not urged otherwise by the appellants, but they contend that the scrivener made a mistake in the drafting thereof, and "that the said clause in the said deed should have been in the nature of an absolute exception and not a mere reservation of the turpentine privileges to the said Knight, and should have set forth the full contract agreed upon and understood between the said Knight and the said J. C. Turner Cypress Lumber Company, to the effect that the said Knight and his assigns should have the privilege of beginning the cutting of boxes at any time when it was practicable and convenient to the said Knight to do so, and that they should have a full four year period to enjoy the said privilege, after the boxes were cut in the pine trees growing on said lands." The special prayer, which we have copied in full in the statement, is strictly in accordance with the foregoing allegation.

It is significant that this suit was not instituted until the 19th day of March, 1906, more than five years after the execution of the deed, and also that there is no allegation in the bill as to just what the real contract was, or the precise terms thereof, which it is contended was made and agreed upon. No contract is set out in the bill which it is sought to have substituted in lieu of the one which appears in the deed. It is also obvious that if the court should grant the specific relief prayed for, it would

thereby substitute in the place of. the plain and clear contract in the deed one which would be vague, indefinite and uncertain. This would be subversive of the principle that a contract should be clear, definite and certain. See 1 Chitty's Contracts, (11 Am. Ed.) 92, Clark's Contracts, 59 and 63.

It is clear that the bill signally fails to meet the requirements laid down by the authorities which we have cited. The demurrer to the bill was properly sustained.

Many interesting questions are presented, which have been ably discussed by the respective counsel both in their briefs and oral arguments, and numerous authorities are cited to us, but we deem it unnecessary to go into them. What we have said sufficiently disposes of the case.

Finding no error in the decree appealed from, it must be affirmed, and it is so ordered, at the cost of the appellants.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.