ROBINSON POINT LUMBER COMPANY, A CORPORATION, *Appellant, v.* E. F. JOHNSON, *Appellee.*

1. A court of equity will reform a written instrument when by mistake it does not contain the true agreement of the parties, only when the evidence of the mistake is full and satisfactory.

2. An agreement in writing should be regarded as the sole expositor of the intent of the parties until the contrary is established beyond reasonable controversy; and reformation will not be decreed when the evidence is loose, contradictory or equivocal, there being no fiduciary relation or overreaching between the parties dealing with each other upon a substantially equal footing.

3. Wherever the evidence is conflicting and the finding of a chancellor does not clearly appear to be erroneous, it will not be disturbed.

Appealed from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*T. F West,* for Appellant;

*Jones & Pasco,* for Appellee.

WHITFIELD, C. J.—The court refused to reform a deed conveying land so as to make it reserve to the grantor the timber on the land, and the complainant appealed. It is argued here that the evidence is sufficient for a reformation.

A court of equity will reform a written instrument when by mistake it does not contain the true agreement of the parties, only when the evidence of the mistake is full and satisfactory. The writing should be regarded as the sole expositor of the intent of the parties until the contrary is established beyond reasonably controversy; and reformation will not be decreed when the evidence is loose, contradictory or equivocal, there being no fiduciary relation or overreaching between the parties

dealing with each other upon a substantially equal footing. See Jackson v. Magbee, 21 Fla. 622; Franklin v. Jones Adm'r., 22 Fla. 526; Jacobs v. Parodi, 50 Fla. 541, 39 South. Rep. 833; Griffin v. Societe Anonyme La. Floridienne, 53 Fla. 801, 44 South. Rep. 342; Horne v. J. C. Turner Cypress Lumber Co., 55 Fla. 690, 45 South. Rep. 1016; Crosby v. Andrews, 61 Fla. 554, 55 South. Rep. 57.

The evidence is conflicting on the material point in the case and the chancellor found for the defendant. As the evidence is not of such a nature as to disclose a clear error in the decree, it is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.