TERRELL, Justice.
This is a suit in equity to partition certain lands and household goods in Calhoun ■County. The household goods were in the main furnishings to guest cabins that were located on the lands. There was also a prayer for accounting of rents and profits. The answer denied the material allegations of the complaint, but admitted that the complainant at one time owned the “partition lot”. Attached to the answer w-as a counterclaim seeking reformation of certain deeds to the property, dated August 25, 1949. The counterclaim set up an alleged mutual mistake in the description of the land, and sought to quiet title to a portion of it because a deed executed in 1935 was subsequently filed for record by appellant and appeared as a cloud on appellee’s title.
On the issues so made evidence was taken and extensive findings were made by the special master which were approved by the chancellor. The chancellor found the equities to be in favor of the defendants and dismissed the Ml of complaint. This appeal is from that decree.
Several questions are urged but they all go to the intent of the parties as expressed in the instruments and transaction out of which the litigation arose and whether or not evidence explaining them was properly admitted.
We find no error as to introduction of the evidence complained of. The special master made thorough and exhaustive findings and we have never had a case in which the *399 evidence more conclusively supports the findings of the master as approved by the chancellor. The law as to reformation of written instruments was defined by this Court in Horne v. J. C. Turner Cypress Lumber Co., 55 Fla. 690, 45 So. 1016, and has never been departed from. The final decree in this case could be appropriately affirmed on authority of that and similar cases. The uncorroborated judgment of counsel for appellant is not sufficient to overthrow the judgment of a special master approved by the chancellor when both the latter are supported by ample competent evidence.
The petition for rehearing is granted, the first and last paragraphs of our former opinion are amended to read as stated herein, our former judgment is adhered to and as amended this opinion is substituted for the opinion filed October 27, 1953.
Affirmed on rehearing.
ROBERTS, C. J., and SEBRING and MATHEWS, JT-, concur.