222 So.2d 247 (1969)
Robert M. HEWITT, and John V. Deetjen, Appellants,
v.
James H. PRICE et al., Appellees.
No. 68-535.
District Court of Appeal of Florida. Third District.
April 29, 1969.
Rehearing Denied May 27, 1969.
*248 Joseph A. Perkins, L.J. Cushman, Miami, for appellants.
Horton & Schwartz, Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
Appellants are John J. Deetjen and Robert M. Hewitt. They appeal from a "partial final judgment determining all stock claims" which held that they did not own certain shares of stock of Airlift International, Inc., a Florida Corporation. Appellees are James H. Price and James H. Price & Co., et al.
The original action herein was for a determination by declaratory decree of the ownership of certain shares of stock in Airlift International, Inc., a Florida Corporation. John V. Deetjen intervened by permission of the court, and filed his answer and claim. He claimed ownership of three thousand shares of Airlift stock allegedly held in trust for him by Eric C. Bayer, a defendant in the original action. Price answered the claim by denying that Deetjen was the legal or beneficial owner of these shares of stock. He affirmatively alleged that the three thousand shares represented the remainder left over from certain stock certificates which he owned. He claimed that he had not sold nor agreed to sell these shares to Deetjen and that he had not received any consideration for this stock from Deetjen. The trial court, after reviewing extensive testimony and evidence, found that Deetjen had failed to prove by a preponderance of the evidence that he was the owner of the three thousand shares of Airlift stock which he claimed.
There is substantial, competent evidence in the record upon which the trier of facts could find that Deetjen never purchased this stock from Price, never agreed to purchase this stock from Price, and never paid Price any consideration for this stock.
The evidence of Deetjen to support his claim of ownership was all oral.
We find no evidence in the record that Price expressly or impliedly agreed to sell this stock to Deetjen or that Price agreed that anyone could sell it to Deetjen. There was, therefore, no mutuality of obligation between Deetjen and Price and there was no proof of a common intention between these parties to contract. See 7 Fla.Jur. Contracts § 9; Etheredge v. Barkley, 25 Fla. 814, 6 So. 861 (1889); Kuharske v. Lake County Citrus Sales, Inc., Fla. 1949, 44 So.2d 641; and 7 Fla.Jur. Contracts §§ 14, 15 and 16.
The portion of the final judgment as it applies to John V. Deetjen is affirmed.
The appellant, Hewitt, claims reversible error was committed by the trial judge when he refused, based upon the attorney-client privilege, to permit an attorney, Griggs, to testify about certain matters during this trial. Hewitt says that oral statements concerning a partnership arrangement were made in his presence and that of Griggs and James H. Price. Hewitt proffered the testimony of Griggs and it did relate to an alleged partnership arrangement between Price and Hewitt. Hewitt contends that in such case an attorney may be required to testify and relies upon Dominguez v. Citizens' Bank & Trust Co., 62 Fla. 148, 56 So. 682 (1911); in which the Supreme Court said:
"It is doubtless the law that, where an attorney represents both or all the parties *249 in a transaction, conversations and transactions between such parties in the presence of the attorney and each other are not privileged conversations, but such attorney may be required to testify to such conversations and communications; * * *." 56 So. at 683.
See also 58 Am.Jur. Witnesses § 496.
Assuming arguendo, without finding that error was committed in refusing admission of this testimony in evidence, we are of the opinion that this matter would be governed by Fla. Stat. § 59.041, F.S.A. and would, at most, constitute harmless error.
There was no competent, substantial evidence in the record to support a conclusion or finding that a joint venture existed between Hewitt and Price. In order to have a joint venture, there must be (1) a community of interest in the performance of the common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; and (4) a right to share in the profits and a duty to share in any losses sustained. 18 Fla.Jur. Joint Adventures § 4, p. 434.
There is insufficient proof that Hewitt had any proprietary interest in the matter of the undertaking, i.e., the one million shares of stock, or that he had ever made a monetary contribution toward the repurchase of these shares of stock. The stock was, at all times, in the possession of Price and there was a complete absence of any showing by Hewitt that he had joint control or right of control over this stock or the certificates. See Beckett v. Pierce, 157 Fla. 184, 25 So.2d 486 (1946).
In Kislak v. Kreedian, Fla. 1957, 95 So.2d 510, the Supreme Court of Florida reviewed an order which denied a Motion to Dismiss a complaint seeking to establish a joint venture in the purchase of certain real property. It stated, in part:
* * * * * *
"* * * It appears from the complaint that the plaintiff made no monetary contribution to the purchase of the lands involved. The complaint contains no allegations that the plaintiff was to be responsible for any losses which might be incurred in the event the enterprise proved unsuccessful. The only allegation approaching this subject is in paragraph 7 where it is stated `Plaintiff * * * has at all times stood ready, willing and able to pay his proportionate share in said venture and is now ready, able and willing to do so.'
"The allegations of the complaint that the defendants in the court below after entering into a contract to purchase the subject lands `advised your Plaintiff * * * they could and would not now recognize said Plaintiff's interest in and to the agreement and contract of purchase of said property or in and to the property the subject thereof and could not and would not permit and allow your said plaintiff to share and participate in the benefits realized in the venture,' falls far short in itself. Even if such agreement had been previously entered into it is insufficient to create a joint adventure. * * * Moreover, we find no allegation concerning the essential element of joint control or right of control which, as we have pointed out, is an essential element in contracts of this kind."
* * * * * *
Since the record reflects that Hewitt made no monetary contribution to the repurchase of the aforesaid stock and did not agree to provide any contribution to the repurchase of the stock and that he had no control over the subject matter and no proprietary interest therein, the final judgment as it applies to Hewitt be and the same is hereby
Affirmed.