898 So.2d 1179 (2005)
Richard S. GLOSSER and Nancy Glosser, Appellants,
v.
Nivia VASQUEZ, Appellee.
No. 3D04-3089.
District Court of Appeal of Florida, Third District.
April 6, 2005.
*1180 Dittmar & Hauser, Helen A. Hauser, Coconut Grove, and Anna Volkova, for appellants.
Roberts, Terry & Durkee, H. Clay Roberts, Miami, for appellee.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The defendants, Richard S. Glosser ("Glosser"), and his spouse, Nancy Glosser, appeal from a non-final order. We affirm.
The facts are undisputed. The plaintiff, Nivia Vasquez ("Vasquez"), and the defendants were each fifty-percent owners in Vazglo Medical Corporation, Inc., a Florida corporation, formed for the purpose of owning and operating a medical office building in Homestead, Florida. The corporation issued one hundred shares of stock, fifty to the plaintiff and fifty jointly to the defendants.
In early 2004, Vasquez and Glosser discussed refinancing the existing loan for their building. Glosser orally agreed to proceed with the refinancing plan, but only if Vasquez agreed to transfer one of her shares to Glosser and his spouse. Vasquez thereafter executed the endorsement of a stock certificate, allowing one share to be transferred from Vasquez to the defendants, and delivered it to Glosser. Glosser did not take any further steps to refinance. Subsequently, Vasquez decided not to proceed with the refinancing plan and notified Glosser of her decision. Vasquez requested the return of her share of stock, but Glosser refused.
In May 2004, Vasquez filed a complaint against the defendants for 1) declaratory judgment, 2) breach of fiduciary duty, 3) unjust enrichment, 4) breach of escrow agreement, 5) conversion, and 6) replevin. Vasquez also filed an emergency motion seeking a temporary injunction against the defendants to enjoin them from effectuating the transfer of Vasquez's share of stock.
After an evidentiary hearing, the trial court found, as a matter of law, that there was no enforceable contract for the refinancing of the building loan and no consideration for the transfer of Vasquez's share. *1181 The court further ordered the Glossers to return the share to Vasquez. The defendants' appeal follows.
On appeal, the defendants contend that the trial court erred in finding that there was no enforceable contract. We review the trial court's findings de novo. See Akileh v. Elchahal, 666 So.2d 246, 248 (Fla. 2d DCA 1996).
The creation of a contract requires that there be a mutual or reciprocal assent to a certain and definite proposition, which is commonly referred to as a "meeting of the minds." Hewitt v. Price, 222 So.2d 247 (Fla. 3d DCA 1969). There is no meeting of the minds between the parties when essential terms are left open for consideration or negotiation. Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498, 502 (1927). Thus, to create a contract and trigger contractual obligations, the parties must have a definite and distinct understanding, without which there is no assent and no contract. Webster Lumber Co. v. Lincoln, supra; Enid Corp. v. Mills, 101 So.2d 906 (Fla. 3d DCA 1958).
In the instant case, there was no meeting of the minds between the parties since the essential terms of the refinancing were never included in the agreement. See David v. Richman, 568 So.2d 922, 924 (Fla.1990)(financing terms in real estate transaction were essential terms of the contract for which there was no agreement, and thus, no assent and no contract was formed).
As the trial court correctly found, the parties never reached an agreement as to "(1) how much to borrow, (2) at what rate of interest, (3) who would be the lender, (4) how much, if any, equity the parties would take out of the refinancing, (5) how long the mortgage terms would be, (6) who would perform an appraisal of the building, (7) how much to pay for an appraisal, or any other term." Since those terms were essential to a refinancing agreement and were not assented to by the parties, we find that no contract was ever formed in this case.
Because this issue is dispositive, we need not address the remaining issues raised on appeal.
Accordingly, we affirm.