ROYAL PHOSPHATE COMPANY, A CORPORATION, AND UNITED
STATES FIDELITY & GUARANTY COMPANY, A CORPORATION,
PLAINTIFFS IN ERROR, V. MARTIN V. B. VANNESS AND
ANNIE L. VANNESS, DEFENDANTS IN ERROR.

1.  The cause of action required to be filed with the declaration
    is to apprise the defendant of the nature and extent of
    the demand against him, in order that he may plead
    with greater certainty, and ordinarily constitutes no part
    of the declaration. Even if the cause of action or bill of
    particulars filed with the declaration can be made a part
    thereof by apt words in the declaration, where this has
    not been done and both parties have not so treated it,
    neither the trial court nor the appellate court is war-
    ranted or authorized in treating such cause of action or
    bill of particulars as a part of the declaration.

2.  The statute and rule which require the cause of action or
    bill of particulars to be filed with the declaration do not
    make such cause of action or bill of particulars a part
    of the declaration, and such cause of action or bill of
    particulars filed with the declaration cannot be resorted
    to or used on demurrer to supply essential allegations of
    fact omitted from the declaration.

3.  A declaration in an action at law should allege distinctly
    every fact that is essential to the plaintiff's right of
    action.

4.  On an assignment of error based upon the overruling of a
    demurrer to the declaration, the plaintiff in error will be
    confined to the grounds stated in the demurrer and
    argued in the appellate court, and no other grounds will
    be considered, unless there is an omission in the declara-
    tion of allegations of substantive facts which are essential
    to a right of action, so that the declaration wholly fails
    to state a cause of action.

5. In an action of debt upon an injunction or indemnity bond a declaration which fails to allege any cost, or damage, or expense incurred by the plaintiffs by reason of the improper suing out of the injunction is so fatally defective as to show no cause of action against or liability upon the part of the defendants to the plaintiffs.

6. Where there is no sufficient declaration in a case, and a demurrer shall have been sustained thereto, the other questions in the record are not open for the consideration of the appellate court.

This case was decided by Division A.

Writ of Error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the Court.

*W. W. Hampton,* for Plaintiffs in Error;

No appearance for Defendants in Error.

SHACKLEFORD, C. J.:  This is an action of debt on an injunction bond instituted by the defendants in error against the plaintiffs in error in the circuit court for Citrus county, in which a trial was had by a jury, and which resulted in a verdict for the defendants in error, herein styled the plaintiffs, in the sum of $652.30.  A motion for a new trial was made by the plaintiffs in error, herein styled the defendants, upon various grounds, the fourth of which was that "said verdict is excessive." Upon this motion the trial court made an order to the effect that the plaintiffs remit the sum of $272.15, in default of which

the motion would be granted upon the fourth ground. The plaintiffs entered a remittitur in accordance with the order of the court, and final judgment was entered against the defendants in the sum of $380.15 damages and $12.85 costs. This judgment the defendants seek to have reviewed hereby by writ of error, returnable to the present term.

The declaration is somewhat lengthy, reciting the granting of a restraining order, at the instance of the Royal Phosphate Company, one of the defendants, by the judge of the fifth judicial circuit of Florida against the plaintiffs, restraining and enjoining plaintiffs from disposing of or assigning a certain judgment recovered by plaintiffs in the sum of $15000 against the Silver Springs, Ocala and Gulf Railroad Company (see Silver Springs, Ocala & Gulf R. R. Co. v. VanNess, 45 Fla. 559, 34 South. Rep. 884), the execution of an injunction bond, in accordance with the order of the court, by the Royal Phosphate Company as principal and the United States Fidelity & Guaranty Company as surety, in the sum of $1000 payable to the plaintiffs, conditioned to pay plaintiffs "all costs, damages and expenses for improperly suing out such restraining order, in case the same shall be dissolved, or the appeal dismissed."

That portion of the declaration which attempts to charge the defendants is as follows: "Plaintiffs hereto attach a duly authenticated copy of the bond executed and delivered as required by the order granting the issuance of the injunction dated 23rd of March, 1903, by said defendants, and plaintiffs aver that the conditions of said bond have been wholly broken, for that the writ of injunction set out and recited in said bond has been dissolved and the bill from which the same issued has been dis-

missed by proper decree of said court, whereby the penalty of said bond, to wit: the sum of $1000.00, became and is forfeited in favor of and for the use and benefit of plaintiffs, and plaintiffs claim judgment against said defendants for the said sum of $1000.00.

And plaintiffs further aver that all and each of the conditions of said bond have been broken by defendants, for that, said defendants at the time of the dissolution of said injunction and the dismissal of said bill, wholly neglected and refused and still neglects and refuses to pay plaintiffs the costs, expenses and damages sustained, incurred and suffered by plaintiffs by reason of suing out said injunction as aforesaid, and which costs, expenses and damages the defendants obligated themselves firmly by their said bond or writing obligatory to well and truly pay plaintiffs when said injunction should be dissolved or the bill dismissed.   And plaintiffs hereto attaches a bill of particulars showing the costs, expenses and damages sustained by plaintiffs by reason of suing out the injunction aforesaid."

The attached bill of particulars is as follows:

"Bill of Particulars of Costs, Expenses and Damages.

| | |
|---|---|
| Loss of interest on judgment set out in bond....$ | 448.77 |
| Fees paid attorney......................... | 250.00 |
| Traveling expenses, R. R. fare, hotel bills.... | 360.00 |

$1,058.77"

To this declaration the defendants interposed the following demurrer: "The defendants, by their attorneys,

say that the declaration filed in this cause is bad in substance.                                 W. W. Hampton,
                                            Horatio Davis,
                                       Attys. for Defendants.

### MATTER OF LAW INTENDED TO BE ARGUED.

The bill of particulars being no part of the declaration, a plaintiff must specifically set out in his declaration in case of this kind, the amount of the costs, the amount and nature of the damages and the amount and nature of expenses which he claims, so that defendant, by demurrer, may contest his legal liability or, by plea, deny or confess and avoid, the amount of such costs, damages and expenses."

Upon this demurrer the trial court made the following order: "This cause came on to be heard and above demurrer was argued and submitted and the court being of the opinion that the question raised by the demurrer should be by motion to reform the declaration. It is therefore ordered and adjudged that the demurrer be overruled, but that the plaintiff be required to furnish a more specific bill of particulars within ten days and do serve counsel for the defendants with such amendment as may be filed, and that defendants do file such pleading as they may be advised, by rule day in May, A. D. 1906.

Done and ordered at Chambers, at Inverness, Fla., April 4th, 1906."

The overruling of this demurrer forms the basis for the first assignment.

As was said in First National Bank of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 South. Rep. 345,

"the cause of action required to be filed with the declaration is to apprise the defendant of the nature and extent of the demand against him, in order that he may plead with greater certainty, and ordinarily constitutes no part of the declaration." Also see authorities there cited. Even if we assume that the cause of action attached to a declaration can be "made a part of the declaration by apt words," a practice which was questioned in the cited case, as well as in Wilson v. Fridenburg, 22 Fla. 114, text 152, it was not so made a part in the instant case and was not so treated by both parties to the action. See Langley v. Owens, 52 Fla. 302, 42 South. Rep. 457, text 459. Also see Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367, text 371, and authorities there cited, to the effect that "a declaration in an action at law should allege distinctly every fact that is essential to the plaintiffs right of action," and that "Section 1057 of the Revised Statutes of 1892, and also circuit court rule 14 (found on page 11 of Rules prefixed to 14th Fla.), which require the contract, etc., upon which suit is brought, or a copy thereof, to be filed with the declaration, do not make the contract so filed a part of the pleading, and a copy of a contract annexed as an exhibit to a declaration cannot, on demurrer to the declaration, be used to supply an essential allegation of fact omitted from the declaration."

On an assignment of error based upon the overruling of a demurrer, the plaintiff in error will be confined to the grounds stated in the demurrer and argued in the appellate court, and no other grounds will be considered, unless there is an omission in the declaration of allegations of substantive facts which are essential to a right of action, so that the declaration wholly fails to state a cause of action. See Atlantic Coast Line R. R. Co. v.

Crosby, decided here at the present term, and authorities there cited, especially Florida Cent. & P. R. R. Co. v. Ashmore, 43 Fla. 272, text 280, 32 South. Rep. 832, text 835, and concurring opinion in Atlantic Coast Line R. R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 530.

Applying these principles in the instant case, we find that the declaration is so fatally defective as to show no cause of action against or liability upon the part of the defendants to the plaintiffs. No cost, or damage, or expense incurred by the plaintiffs by reason of the improper suing out of the injunction is set forth in the declaration. As the defect in the declaration was one of substance the proper method of attack was by demurrer. See Camp & Bros. v. Hall, 39 Fla. 535, 22 South. Rep. 792.

It follows from what we have said that this error is well assigned.

As was said in South. Florida Tel. Co. v. Maloney, 34 Fla. 338, 16 South. Rep. 280, "where there is no sufficient declaration in a case, and a demurrer should have been sustained thereto, the other questions in the record are not open for the consideration of the appellate court." Also see Florida Cent. & P. R. Co. v. Ashmore, *supra*.

The judgment is reversed, with directions to sustain the demurrer to the declaration.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., did not participate.