WILLIAM HOOPES, THOMAS HOOPES AND ED S. DAR-
LINGTON, AS CO-PARTNERS DOING BUSINESS UNDER
THE NAME AND STYLE OF HOOPES BROTHER &
DARLINGTON, *Plaintiffs in Error*, v. JOHN CRANE
AND WILLIAM A. MACMAHON, AS CO-PARTNERS,
DOING BUSINESS UNDER THE NAME AND STYLE OF
CRANE & MACMAHON, *Defendants in Error*.

1. The practice of assigning an unnecessarily large number of
errors is disapproved. That any one of the Circuit Judges in
this State would commit sixty-one separate and distinct errors
in the trial of a cause is rather a violent presumption, and,
even if such should be the case, it would not be necessary to
assign every one of such errors in order to secure a reversal of
the judgment.

2. The copy of the cause of action attached to a declaration, in
compliance with Section 1449 of the General Statutes of 1906
and Rule 14 of Circuit Court Rules in Common Law Actions,
forms no part of the declaration, unless expressly made a part
thereof by apt words, and cannot be reached by demurrer
where this has not been done. In neither case can grounds of
a demurrer be directed solely against the cause of action.

3. The trial court is not required to specify the particular grounds
of the demurrer upon which the ruling thereon is founded. It
is sufficient simply to sustain or overrule the demurrer.

4. A correct ruling of the trial court will not be disturbed because
of erroneous or wrong reasons which may have been given
therefor, as it is with the ruling itself, and not with the rea-
sons therefor, with which an appellate court is concerned.

5. A declaration in an action at law should allege distinctly and
clearly every fact that is essential to the plaintiff's right of
action, and the cause of action attached to the declaration can-
not be resorted to or used on demurrer to supply essential alle-
gations of fact omitted from the declaration.

6. Where the allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on general demurrer, provided such repugnancy and inconsistency relate to matters of substance, and not of form only. This principle is also applicable to a declaration containing more than one count when a general demurrer is interposed to certain specified counts; in taking up for consideration any one of such counts, if it should be found to contain in itself repugnant and inconsistent allegations in matters of substance, it will be held bad, but the rule is confined to single counts and is not applicable to two or more counts, one of which may contain allegations which are inconsistent with and repugnant to allegations in another count.

7. If a count in a declaration is so faulty and defective as to practically fail to state a cause of action, no error is committed in sustaining a demurrer thereto, even though such count may also be open to attack by a proper motion under Section 1433 of the General Statutes of 1906.

8. In passing upon an assignment based upon the exclusion of evidence, if the action of the trial court in excluding such evidence be found to be correct, it does not matter that erroneous reasons may have been given for its exclusion, as it is with the ruling, and not with the reasons given therefor, that an appellate court is concerned.

9. Objections are properly sustained to a question propounded to a witness which seeks to elicit testimony which would be violative of the familiar rule that parol evidence is not admissible to vary, alter or contradict a written instrument.

10. No error is committed by the trial court in directing a verdict for the defendant after the conclusion of the testimony adduced by the plaintiff, on motion of the defendant, especially when no objection or protest was made by the defendant to such direction, no request was made for the privilege or right of making an argument to the jury, no exception was taken or noted to such direction at the time but only in the motion for a new

trial, and, assuming as true all the evidence adduced by the plaintiffs which was admitted and viewing it in the most favorable light for the plaintiffs, a verdict could not have been properly rendered in their favor.

This case was decided by Division A.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson* and *H. M. Hampton,* for plaintiff in error;

*Axtell & Rinehart, E. J. L'Engle* and *C. L. Sistrunk,* for defendants in error.

SHACKLEFORD, C. J.—This is an action of assumpsit instituted by the plaintiffs in error against the defendants in error in the circuit court for Marion county. Trial was had before a jury, resulting in a verdict for the defendants, upon which judgment was entered, which plaintiffs seek to have reviewed here by writ of error. The plaintiffs have assigned sixty-one errors covering fifteen typewritten pages, but we are told by the counsel for plaintiffs in their brief that "only the first, second, third, fourth, fifth, sixth, thirtieth, thirty-first, thirty-second, thirty-third, sixtieth and sixty-first will be argued, the remaining assignments being covered by the fourth assignment," it being further stated by such counsel that, "desiring to lessen the labors of this court by avoiding useless repetitions, only the fourth assignment will be argued in so far as these assignments are concerned, contenting ourselves with the fact that the

assignments not specifically argued are fairly embraced in this assignment."

We have several times had occasion to express our disapproval of the practice of assigning an unnecessarily large number of errors. See Seaboard Air Line Ry. v. Scarborough, 52 Fla. 425, text 432, 42 South. Rep. 706, text 708, and Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, text 476, 43 South. Rep. 318, text 341. That any one of the circuit judges in this State would commit sixty-one separate and distinct errors in the trial of a cause is rather a violent presumption, to say the least of it. Even if such should be the case, it would hardly be necessary to assign every one of such errors in order to secure a reversal from this court. Robert Louis Stevenson says somewhere that to omit is the one art in literature, stating that if he knew how to omit, he should ask no other knowledge. It might be well for this to be borne in mind by members of the bar in preparing their assignments of errors and their briefs. If it should be replied that members of appellate courts should also heed the admonition in the preparation of their opinions, no one would assent more readily thereto than the writer hereof who must confess to having erred himself along that line.

The first assignment is based upon the sustaining of the demurrer of the defendants to the first, second and third counts of the plaintiffs' original declaration. As the declaration was subsequently amended and the matters contained in such counts were set forth more fully and completely in the amended declaration, to which a demurrer was also sustained, which ruling forms the basis for the second assignment, it seems advisable to first take up the second assignment for consideration. If we should find that the demurrer was properly sustained to such

counts in the amended declaration, it would become unnecessary to consider the first assignment.

Such amended declaration is as follows:

"First Count:  The plaintiffs aforesaid sue the defendants aforesaid, for that, Whereas, prior to the 28th day of March, 1903, the plaintiffs were the owners of certain timber leases upon certain lands in Hernando County, Florida, near the town of Brooksville, Florida, to-wit: (1) Lease from J. A. and J. W. Morgan, (2) lease from Shelden Stringer and Betty Stringer, (3) lease from Charles S. Wall, (4) Lease from M. H. Snow, (5) lease from Perry G. Wall, (6) lease from John C. Lee, (7) lease from W. A. O'Neal, (8) lease from C. E. and J. L. Lockhart, (9) lease from W. W. Brown, (10) lease from J. C. Croft, (11) lease from N. B. Eiland, (12) lease from W. E. Law, (13) lease from W. E. Law,—whereby plaintiffs were given and granted by the above mentioned lessors the right and privilege to cut and remove the timber standing and growing upon the lands described in the said leases, of which fact the defendants had notice, and, Whereas, prior to the 28th day of March, 1903, the defendants were the owners of leases upon certain timber standing and growing upon certain lands in the counties of Marion, Alachua and Levy, in the State of Florida, to-wit:  (1) lease from Boyd Beamer, (2) lease from George R. Fairbanks, (3) lease from Tobias Anderson, (4) lease from L. J. Watkins, (5) lease from A. B. Rou, (6) lease from George R. Fairbanks, (7) lease from W. P. VanNess, (8) lease from H. H. and Maggie McKay, (9) lease from Louis W. and John Chesnut, (10) lease from E. J. and O. Gamage, (11) lease from W. H. M. Fairbanks, (12) lease from J. B. Dell, (13) lease from S. B. Culkins, (14) lease from H. P. Mattair, (15) lease from Thomas King,—whereby they were given and granted by the said above named

lessors the right to cut and remove certain timber standing and growing upon the lands described in the said leases, and, Whereas, defendants being desirous of obtaining title to the said leases above described held by plaintiffs in Hernando, and plaintiffs being desirous of obtaining title to the leases held by the defendants upon lands in the counties of Marion, Alachua and Levy, above described, on the said 28th day of March, 1903, plaintiffs and defendants entered into a certain contract in writing, a copy of which is attached to this declaration as a bill of particulars, wherein and whereby plaintiffs agreed to transfer to said defendants all of their hickory timber holdings tributary to Brooksville, in Hernando County, Florida, in consideration of a transfer to the plaintiffs by the defendants of their timber holdings in the counties of Marion, Alachua and Levy, in the State of Florida, and in consideration of such exchange being made the defendants agreed to pay the plaintiffs the sum of nine hundred dollars by a thirty day draft when exchange of contracts took place. Plaintiffs aver that the hickory timber holdings of the plaintiffs tributary to Brooksville, in Hernando County, Florida, were the timber holdings set forth and described in the above mentioned leases to the plaintiffs, and none other, and that the defendants at the time of making of the said contract well knew that the hickory timber holdings of the plaintiffs described in said contract as tributary to Brooksville, Hernando County, were the said timber holdings set forth and described in the above mentioned leases to the plaintiffs, and none other, and the plaintiffs aver that the timber holdings of the defendants in Marion, Alachua and Levy Counties, Florida, were the timber holdings set forth and described in the above mentioned leases to the defendants, and none other, and that the said contract was made, executed and delivered

with reference to the above mentioned and described leases; plaintiffs aver that afterwards, and before the commencement of this suit, plaintiffs executed a written instrument in favor of the defendants sufficient in form and effect to transfer, assign and convey to the defendants all the above mentioned and described leases held by them, as aforesaid, upon the lands in Hernando County, Florida, and tendered the same to the defendants, and plaintiffs aver that said contract in writing was afterwards partly performed by each the plaintiffs and defendants, that is to say—that with reference to said contract in writing so made between the plaintiffs and defendants, the plaintiffs put the defendants into the actual possession of the timber and lands lying and being in the county of Hernando, in the State of Florida, referred to and designated in said contract in writing, and therein, and that afterwards the defendants, with reference to said contract in writing put the plaintiffs in the actual possession of the timber and lands referred to and described in said contract, lying and being in the counties of Marion, Alachua and Levy, in said State of Florida, and plaintiffs aver that by reason of the part performance of said contract in writing by each of the parties thereto, the description and designation of the lands and timber referred to in said contract became and were rendered definite and certain, but plaintiffs aver that afterwards the defendants failed and refused to accept said tender by the plaintiffs to the defendants of the said leases and timber holdings, as aforesaid, and failed and refused to pay the plaintiffs the said sum of nine hundred dollars, and still fail and refuse to pay the same, or any part thereof, although often requested, and although the same is overdue, and the plaintiffs bring this suit and claim twelve hundred dollars damages.

Second Count: The plaintiff aforesaid further sue the defendants aforesaid, for that, Whereas, on the 28th

day of March, 1903, the defendants by their certain instrument in writing bearing date the 28th day of March, 1903, promised to pay the plaintiffs nine hundred dollars, that is to say, defendants then and there promised plaintiffs to pay to plaintiffs said sum of nine hundred dollars thirty days from and after the exchange of certain timber contracts then and there by the parties hereto agreed to be exchanged, and plaintiffs aver that all things have happened and all periods of time have elapsed to entitle plaintiffs to receive said nine hundred dollars, but that the defendants, although thereunto requested and although said sum of money is overdue, have failed and refused to pay plaintiffs same, or any part thereof, and plaintiffs claim $1200 damages.

Third Count: The plaintiff aforesaid further sue the defendants aforesaid, for that, Whereas, in the county aforesaid, on the 28th day of March, 1903, the defendants by their certain instrument in writing bearing date the 28th day of March, 1903, promised to pay to the plaintiffs nine hundred dollars, that is to say, defendants then and there promised plaintiffs to pay to plaintiffs said sum of nine hundred dollars thirty days from and after the exchange of certain timber contracts then and there by the parties hereto agreed to be exchanged, and plaintiffs aver that on the 1st day of April, 1903, they performed the conditions of the said contract on their part, and thereby was entitled to receive said sum of nine hundred dollars on the 2nd day of April, 1903, but although often requested, and although the same is overdue, the defendants have failed and refused, and still fail and refuse to pay the same to plaintiffs or any part thereof, and the plaintiffs claim twelve hundred dollars damages.

H. L. Anderson,
Attorney for the Plaintiffs.

Copy of writing declared on in the first, second and third counts to the amended declaration.

'This agreement entered into this March 28, 1903, between Hoopes Bro. & Darlington, of Ocala, Fla., on the first part, and Crane and MacMahon of New York, of the second part, Witnesseth:

Parties of the first part are to have transferred to the parties of the second part all of their hickory timber holdings tributary to Brooksville, Hernando County, Fla., stipulated in contracts, said contracts to become the property of the party of the second part, and to be legally transferred and recorded.

For the above consideration parties of the second part are to transfer their timber holdings in Marion, Alachua and Levy Counties, Fla., contracts for said timber held by party of second part to become the property of the party of the first part, and to be legally and lawfully transferred and recorded.

In consideration of this exchange being mutually made between the party of the first part and second part, party of second part agree to pay party of first part $900.00, same to be paid when exchange of contracts take place by 30 day draft.

Accepted,

Witness,           CRANE & MacMAHON,

FRANK A. TEAGUE.       *Per E. P. Foote, Mngr.*

FRANK O. REAGAN.     HOOPES BRO. & DARLINGTON,

                  *By O. W. Reagan, Agt..*
ED VANDEGRIFT.' "

To such counts the following demurrer was interposed:

"Now come the defendants in the above entitled cause,

by their attorneys, and say that the first, second and third counts of the plaintiffs' amended declaration, severally and respectively, are bad in substance, and assign the following matters of law intended to be argued as to each of said counts:

Matters of law to be argued as to first amended count:

1. Said agreement alleged in said count is too vague, indefinite and uncertain to constitute a cause of action, or to be capable of enforcement.

2. Said agreement does not create or impose any duty upon the defendants, because it is so indefinite and uncertain, in respect to the consideration to be received by the defendants as to be without binding effect.

3. That the agreement or contract sued upon in said count imposes no duty upon the plaintiffs which is capable of legal ascertainment.

4. That said agreement is without consideration and void.

5. That the said count does not allege any consideration for the alleged agreement by the defendants to pay to the plaintiffs the sum of money sued upon in said count.

6. The said count does not allege any breach of the contract sued upon therein.

7. That said count does not allege any performance by the plaintiffs of the contract sued upon therein.

8. That said count does not allege any facts constituting a cause of action.

9. That said count shows that the paper writing sued upon is for the sale and transfer of an interest in lands in the State of Florida, and that said paper writing is not enforcible because the lands are not sufficiently described therein so that same can be identified.

10. That the alleged agreement or contract sued upon in said count is void under the statute of frauds.

Matters of law to be argued as to the second amended count.

1.   That said count does not allege any breach of the contract sued upon.

2.   That said count alleges only conclusions of law, and no facts constituting a cause of action against defendant.

3.   That said count does not allege any consideration for the performance of the contract sued upon.

Matters of law to be argued as to the third amended count:

1.   That the agreement alleged in said count is too vague, indefinite and uncertain to constitute a cause of action, or to be capable of enforcement.

2.   That said agreement does not create or impose any duty upon the defendants because it is so indefinite and uncertain, in respect to the consideration to be received by the defendants as to be without binding effect.

3.   That the agreement or contract sued upon in said count imposes no duty upon the plaintiffs which is capable of legal ascertainment.

4.   That said agreement is without consideration and void.

5.   That said count does not allege any consideration for the alleged agreement by the defendants to pay to the plaintiffs the sum of money sued upon in said count.

6.   That said count does not allege any breach of the contract sued upon therein.

7.   That said count does not allege any performance by the plaintiffs of the contract sued upon therein.

8.   That said count does not allege any facts constituting a cause of action.

9.   That said count shows that the paper writing sued upon is for the sale and transfer of an interest in lands in the State of Florida, and that said paper writing is

not enforcible because the lands are not sufficiently described therein so that same can be identified.

10.    That the alleged agreement or contract sued upon in said count is void under the Statute of Frauds."

Upon this demurrer the court made the following order:

This cause came on to be heard on the demurrer of the defendants to the amended declaration, and the same was argued by the attorneys for both parties, and the court being advised of its judgment, when it is made to appear that by the first count in the declaration it is alleged that the plaintiffs were the owners of certain 'timber leases' upon certain lands in Hernando County, Florida, 'near' Brooksville, Florida, and describes the leases by reference to the name of the lessor, and alleges 'which leases granted 'lessors' the right and privilege to cut and remove the timber standing and growing upon the described lands: That the defendants were the owners of leases upon certain timber standing and growing upon certain lands 'in the counties named and describes the leases in the same manner by stating the name of the lessor, and says, 'which leases granted the right to cut and remove certain timber.' It alleges that the plaintiff and defendants being desirous of obtaining title to the respective leases, entered into a certain contract in writing whereby the plaintiffs *agreed to transfer* to the defendants 'all of their hickory timber holdings tributary to Brooksville, * * * in consideration of a transfer 'to the plaintiffs by defendants of their timber holdings' in certain named counties. It is also alleged that the 'hickory timber holdings of the plaintiff tributary to Brooksville, 'were the timber holdings mentioned in the leases to the plaintiff and none other, and the same manner of description as to the defendants leases. In neither the plaintiffs nor defendants enumerated leases is the name

of the lessor given. It charges that plaintiffs executed and tendered conveyance of the leases and defendants refused to accept them, and that the 'contract was partly performed by both parties taking possession.' It is evident that the plaintiff is suing on a specialty, to-wit, the written promise to pay certain sum of money on the happening of a certain event, to-wit, the assignment and transfer of certain leases by both parties, and it is equally apparent that the event has not happened, that the defendant refuses to do his part, to-wit: assign his leases. It is not a suit for a breach of contract, but a suit for a performed contract or nothing, and a *part performance* by the taking possession of the lands, is not the happening of the event mentioned in the declaration, and hence no cause of action is shown. It is unnecessary to consider other features of the demurrer, and what is said applies to all of the counts in the amended declaration.

It is considered and ordered that the demurrer be, and the same is sustained, to which ruling the defendants except. Done at chambers in Ocala, Florida, February 6th, 1907. W. S. Bullock, Judge."

The copy of the cause of action attached to the declaration was not made a part thereof by apt words, therefore, such cause of action forms no part of the declaration and cannot be reached by demurrer. This contention of the plaintiffs is undoubtedly correct, having been repeatedly so held by this court. Such grounds of the demurrer, then, as were directed solely against the cause of action, if any such there be, or were addressed to the declaration as though the cause of action had been made a part thereof by apt words, were not proper and should not have been considered by the court, or, in any event, should not have influenced the court in its ruling upon the demurrer. See the discussion along this line and the authorities cited in State v. Seaboard Air Line Rail-

way, decided here at the present term. If it be, however, that some of the grounds of the demurrer are properly addressed to the respective counts of the declaration and such counts were open to the attack so made, we would have to reach the conclusion that no error was committed in sustaining the demurrer. As we have seen from the order of the court, which we have copied in full in this opinion, the demurrer was sustained generally to such counts. This was the proper ruling to make, if the demurrer should have been sustained at all, the court not being required to specify the particular grounds of the demurrer upon which his ruling is founded. Gainesville & Gulf R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019, and authorities there cited. While we copied the order in full in this opinion for the sake of convenience, we do not wish to be understood as adopting or approving all the reasoning therein. We do not have to pass upon the reasoning at all, as it is with the ruling itself, and not with the reasons therefor, that we have to deal. If the ruling is correct, it will not be disturbed because the court may have given a wrong or insufficient reason for its rendition. See Smith v. Croom, 7 Fla. 180; McLeod v Dell, 9 Fla. 427, text 439; Colcord v. Conroy, 40 Fla. 97, text 108, 23 South. Rep. 561, text 565; Reynolds v. Smith, 49, Fla. 217, text 225, 38 South. Rep. 903, text 906.

It is further settled law here a declaration in an action at law should allege distinctly and clearly every fact that is essential to the plaintiff's right of action. Milligan v. Keyser, 52 Fla. 331, text 347, 42 South. Rep. 367, text 371, and authorities there cited; Royal Phosphate Co. v. VanNess, 53 Fla. 135, 43 South. Rep. 916. This necessarily follows from the principle, which was early enunciated by this court and has been consistently adhered to in a long line of decisions, that every pleading

is to be most strictly construed against the pleader there-of. See authorities collated in Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, text 174, 42 South. Rep. 529, text 532; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, text 398, 45 South. Rep. 761, text 789; Horne v. J. C. Turner Cypress Lumber Co., 55 Fla. 690, 45 South. Rep. 1016, text 1018; Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020. We must not lose sight of the fact that it was not attempted to make the copy of the cause of action attached to the declaration a part thereof by apt words, and such cause of action cannot be resorted to or used on demurrer to supply essential allegations of fact omitted from the declaration. See Royal Phosphate Co. v. VanNess, 53 Fla. 135, 43 South. Rep. 916, and authorities there cited, also the discussion and authorities cited in State v. Seaboard Air Line Ry., *supra*.

Subjecting the first count in the declaration to a critical analysis, what is the contract alleged to have been entered into between the plaintiffs and the defendants and what is the breach thereof alleged to have been committed by the defendants, so as to lay a proper predicate for the recovery of damages? To say the least of it, such allegations are couched in terms of vagueness, obscurity, uncertainty and indefiniteness. So far as we are able to ascertain therefrom, such count alleges that "plaintiffs and defendants entered into a certain contract in writing, a copy of which is attached to this declaration as a bill of particulars, wherein and whereby plaintiffs agreed to transfer to said defendants all of their hickory timber holdings tributary to Brooksville, in Hernando County, Florida," in consideration of a transfer by defendants to plaintiffs of certain timber holdings in Marion, Alachua and Levy counties," and in consideration of such exchange being made the defendants agreed to pay the

plaintiffs the sum of nine hundred dollars by a thirty day draft when exchange of contracts took place." Such count further undertakes to allege a compliance by plaintiffs with their part of such contract, a compliance by the defendants with their part of such contract in so far as putting "the plaintiffs in the actual possession of the timber and lands" in the counties of Marion, Alachua and Levy," but that "afterwards the defendants failed and refused to accept said tender by the plaintiffs to the defendants of the said leases and timber holdings, as aforesaid, and failed and refused to pay the plaintiffs the said sum of nine hundred dollars," for which the action is brought and the damages laid at $1200.00.

Omitting any reference to any other defects or omissions in such count, it will be observed that there is no allegation therein that any thirty day draft was ever drawn, executed, presented, accepted or refused, even if it should be conceded that the exchange of timber rights referred to in such count had actually taken place, contingent and conditioned upon which and in consideration thereof defendants were to pay plaintiffs the sum of nine hundred dollars by a thirty day draft. There is force in the contention made here by the defendants that plaintiffs are seeking to enforce a possible right they might have to sue in equity for a specific performance of the alleged contract by this action of assumpsit for a breach thereof. This cannot be done, but we do not deem it necessary for us to enter into any discussion along this line, so content ourselves with referring to the cases of Porter v. Travis, 40 Ind. 556, and Laird v. Pim, 7 M. & W. 474, cited to us by the defendants, which will be found to throw light upon the point in question.

This court has held that "where the allegations of a declaration containing only one count are repugnant to

and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on demurrer." Jacksonville, T. & K. W. Ry. Co. v. Thompson, 34 Fla. 346, 16 South. Rep. 282, S. C. 26 L. R. A. 410; Florida Cent. & P. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832; State v. Seaboard Air Line Ry., decided here at the present term. In order, however, for such repugnancy and inconsistency in a pleading to be open to attack by general demurrer, it must relate to matters of substance. If it relates to form only, it could not be reached by general demurrer, but only by special demurrer. 18 Ency. of Pl. & Pr. 743. Since special demurrers have been abolished in this State, such defect in matter of form could be reached only by a motion to strike out or amend such pleading, in accordance with the provisions of Section 1433 of the General Statutes of 1906. See Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732, text 736, and authorities there cited; State ex rel. Kittel v. Trustees I. I. Fund, 47 Fla. 307, text 315, 35 South. Rep. 986, text 991; Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, text 177, 42 South. Rep. 529, text 533, and authorities there cited. It necessarily follows that where a declaration contains more than one count and a demurrer is interposed to certain specified counts, in taking up for consideration any one of such counts, if we should find that it contained repugnant and inconsistent allegations in matters of substance, we would be compelled to hold that such count was bad on general demurrer. It seems to us that such first count does contain such repugnant and inconsistent allegations, in that it alleges, in consideration of the exchange of properties therein mentioned being made between plaintiffs and defendants, the latter agreed to pay the former the sum of nine hundred dollars by a

thirty day draft, *when exchange of contracts took place,* yet it further alleges that such exchange of contracts had never fully taken place but had been only partially consummated, and, as we have already said, without any allegation that such thirty day draft was ever drawn, executed, presented, accepted or refused, it is sought to recover the amount thereof from the defendants by reason of the partial performance of the contract. This will not do. We would feel justified in holding, since such repugnant and inconsistent allegations neutralize each other, that such count wholly fails to state a cause of action. It may well be that it was also open to attack by a proper motion under Section 1433 of the General Statutes of 1906. See Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241; Atlantic Coast Line R. Co. v. Beazley, *supra;* O'Brien v. State, 55 Fla. 146, 47 South. Rep. 11; Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351, wherein it was held that, if a plea was so faulty as to constitute no defense, no error is committed in sustaining a demurrer thereto, even though a motion to strike out might have been the more appropriate method of reaching it. This same principle would apply to a count in a declaration. It has not been made to appear to us wherein any error was committed in sustaining the demurrer to the first count.

The second and third counts, which were also demurred to, are short and, as we have already copied them in full in this opinion, there is no occasion for repeating them here or entering into any extended analysis thereof. It may be that repugnancy and inconsistency exist between these two counts and the first count, but, even if such be the case, that would not be ground for demurrer, since the rule relating to repugnancy, which we had occasion to discuss in disposing of the first count, is confined to single counts. 18 Ency. of Pl. & Pr. 740. The

principal vice in these two counts is that they fail to allege any consideration moving from the plaintiffs to the defendants for the undertaking or agreement of defendants to pay plaintiffs the sum of $900.00. The "certain instrument in writing" declared upon therein is not alleged to be a promissory note or negotiable instrument of any kind and neither is it alleged to be a writing obligatory. It may well be true, as we have intimated concerning the first count, that these counts were also amenable to attack by a motion for compulsory amendment. See our discussion and authorities cited *supra* in dealing with such first count. It seems to us that no error was committed in sustaining the demurrer to these counts, therefore, the second assignment must fail. This being true, for reasons already stated, the first assignment must likewise fail.

The fourth count to the original declaration was not demurred to, but issue was joined thereon by the defendants, after the plaintiffs had been required by the court to file a bill of particulars therewith. Such fourth count, however, forms the third count in the second amended declaration filed by the plaintiffs, which is as follows:

"Come now the plaintiffs in the above styled action and after leave of court first had and obtained, file the following amendment to the declaration herein, to-wit:

1. The plaintiffs aforesaid sue the defendants aforesaid, for that, Whereas, in the county aforesaid, on the 28th day of March, 1903, the plaintiffs sold to the defendants certain timber contracts and timber leases on certain lands in the county of Hernando, State of Florida, and as a part of the purchase money therefor, the defendants then and there promised to pay the plaintiffs the sum of nine hundred dollars, and although the same is overdue, the defendants have not paid the same or

any part thereof, Wherefore plaintiffs bring this suit and claim twelve hundred dollars damages.

2. The plaintiffs aforesaid further sue defendants aforesaid, for that, Whereas, in the county aforesaid, on the 28th day of March, 1903, the plaintiffs sold to the defendants certain timber contracts and timber leases, on certain lands in the county of Hernando, State of Florida, and as a part of the purchase money therefor the defendants then and there promised to pay the plaintiffs nine hundred dollars by thirty day draft but did not pay the same or any part thereof, and the plaintiffs bring this suit and claim twelve hundred dollars damages.

Third Count: The plaintiffs aforesaid further sue the defendants aforesaid, for that, Whereas, in the county aforesaid, on the 29th day of March, 1903, the defendants were indebted to the plaintiffs in the sum of nine hundred dollars for moneys payable by the defendants to the plaintiffs for goods, wares and merchandise before that time bargained, sold and delivered by the plaintiffs to the defendants; and in a like sum for moneys lent by the plaintiffs to the defendants at their request; and in a like sum for moneys payable by the defendants to the plaintiffs; and in a like sum for work done and materials furnished by the plaintiffs to and for the use of the defendants; and in a like sum for moneys found to be due from the defendants to the plaintiffs on accounts stated between them; and in a like sum for moneys had and received by the defendants to the use of the plaintiffs; and being so indebted, and then and there, and in consideration thereof, the defendants promised the plaintiffs to pay the plaintiffs the said several sums of money, but to do so have failed and refused, and still fail and refuse, although thereunto often requested, and although the same is long past due, and claim twelve hundred dollars."

After various and sundry pleas, demurrers and objections thereto had been filed and orders made thereon, the cause went to trial upon issue joined upon the plea of never was indebted as alleged to such third count, never promised as alleged to the second and third counts, and the following plea to such second amended declaration:

"That the cause of action sued upon in each count of said amended declaration is the same, to-wit: An alleged agreement for the sale or exchange of certain standing timber contracts or leases, which involve and include the right to use, cut and remove standing timber upon, and to go upon, and have rights of way over, lands in the State of Florida, for a period longer than one year; but that neither of the defendants nor any person by them authorized ever signed any contract, memorandum or agreement to, with or for the benefit of plaintiffs touching said timber contracts or timber leases, or for the sale or exchange thereof."

The third assignment is as follows:

"3.   The court erred in sustaining the objections of the defendants to the following questions propounded to the witness Frank A. Teague. 'Mr. Teague did you state that the memorandum which Vandergrift reduced to writing did not contain all the terms and conditions of the contract that you made with them?' "

The bill of exceptions discloses that Frank A. Teague was introduced as a witness by the plaintiffs, who offered to prove by him that at the time of the alleged negotiations for the sale of the timber contracts there was an attempt on the part of the parties to reduce the agreement to writing, but that said writing did not contain all the terms and conditions of the contract so made, and

propounded to the witness the question copied above in the third assignment.

"But to the said matters so offered to be proven and to the question as propounded, the defendants did then and there object on the ground that:

1.    Because it is leading.

2.    It seeks to elicit the same statement that has been made by the witness and stricken out by the court.

3.    Because it is wholly immaterial and irrelevant, because it does not appear that we signed the instrument.

4.    It simply seeks to elicit the opinion of the witness.

But the said judge did then and there sustain the fourth of said objections, and refused to permit said witness to answer said question."

While the trial judge based his ruling upon the fourth ground of objection interposed, we are not restricted to a consideration of such ground but are free to examine all the grounds of objection so interposed, and, if any one is well urged, must refuse to disturb the ruling. As we have already said in disposing of the second assignment, if the ruling is correct, it will not be disturbed because the court may have given a wrong or insufficient reason for it. Also see Wallace v. State, 41 Fla. 547, text 565, 26 South. Rep. 713, text 719, holding that "even if the court declined to require the witness to answer the question for an erroneous reason, the ruling should not be disturbed, where it clearly appears that the answer would have been wholly irrelevant and immaterial." As was held in Eppstein v. Wolfe,    Tex. Civ. App.    , 35 S. W. Rep. 52, "If the action of the court in excluding evidence is right, it does not matter how faulty may have been the reasons given for its action." Also see Davey v. Southern Pac. Co., 116 Cal. 325, 48 Pac. Rep. 117. It may be that the question did seek to elicit the opinion of the witness as to whether or not

the written instrument referred to contained all the terms and conditions of the contract. Be that as it may, how-ever, we are impressed with the fact that the testimony so sought to be elicited from the witness was clearly objectionable and properly excluded on still other grounds. We find from the bill of exceptions that Frank A. Teague was the first witness introduced by the plain-tiffs, and the very first thing disclosed thereby is this question and objection. What the witness had already testified to or what had previously transpired in his examination is not there shown. So far as is there made to appear to us, it is immaterial and irrelevant to the issues as to what contract the *witness* may have made with *them*, assuming that the word *"them"*, refers to defendants. The question, objections thereto and ruling thereon appear on pages 34 and 35 of the transcript, which are the first two pages of the bill of exceptions, while pages 77 to 80 inclusive of the transcript contain the testimony given by the witness, Frank A. Teague, as well as two other witnesses, to which is prefixed the statement that it "is all the testimony adduced at said trial," all the preceding pages from page 34 to page 77 being filled with questions propounded to the witness, Frank A. Teague, and other witnesses, objections thereto and rulings thereon, and certain written instruments, objections thereto and rulings of the court. We have gone carefully through the entire bill of exceptions in the attempt to glean therefrom all the light possible. We find, in examining the other questions propounded to the witness to which objections were sustained, as well as the testimony which was admitted. that the wit-ness had testified that he was employed by the plaintiffs to look after the buying of timber for them and that as such employe or agent had certain negotiations with Ed· Vandegrift and E. P. Foote concerning the exchange

of certain timber holdings and rights between plaintiffs and defendants, which resulted in a trade being consummated, and the same was reduced to writing by Mr. Vandegrift and signed by Mr. Foote as respresenting plaintiffs and Mr. Reagan as representing defendants and delivered to the respective parties. The witness had also testified as to his understanding of the terms of the contract so made, but the defendants having brought out on the cross-examination that the same was reduced to writing, the defendants moved to strike out all the testimony of the witness with reference to the agreement, the terms of it and what transpired at the time it was made. Before passing on the motion, the court proceeded to interrogate the witness, and the plaintiffs also propounded further questions to him, eliciting the information that the written memorandum did not contain all the terms and conditions of the contract made between the agents representing the respective parties. The court thereupon sustained the objections previously interposed by the defendants and struck the testimony of the witness as to such matters. Returning now to the third assignment, under consideration, we are of the opinion that the second ground of objection to the question that is sought to elicit the same statement from the witness that the court had previously stricken out on motion might well have been sustained. We are further of the opinion that the question was violative of the familiar rule that parol evidence is not admissible to vary, alter or contradict a written instrument. See Bacon v. Green, 36 Fla. 325, text 341, 18 South. Rep. 870, text 875, and Porter v. Sims Co., 55 Fla. 504, 46 South. Rep. 420. Also see the language used in Perry v. Woodberry, 26 Fla. 84, text 90, 7 South. Rep. 483, text 485, which we quoted and approved in Horne v. J. C. Turner Cypress Lumber Co., 55 Fla. 690, 45 South. Rep. 1016, text 1019. We are clear that no error was committed in ex-

cluding the proffered testimony, hence this third assign-
ment must fail.

All of the remaining assignments which are urged be-
fore us, except the last two, are based upon the exclusion
of evidence offered by the plaintiffs. It has already been
necessary for us to extend this opinion to a greater
length than we desired. We can see no useful purpose
to be served by a discussion of these different assign-
ments in detail. Suffice it to say that we have given
them, as well as the bill of exceptions, aided by the
briefs of counsel, our most careful consideration, and no
reversible error has been made to appear to us. As has
been frequently decided by this court, it is the duty of
a party resorting to an appellate court to make the errors
complained of clearly to appear, if they in truth exist;
every presumption being in favor of the correctness of
the rulings of the trial court. See Ropes v. Stewart,
54 Fla. 185, 45 South. Rep. 31, and authorities
there cited; ·Cross v. Aby, 55 Fla. 311, 45 South.
Rep. 820; Lewis v. State, 55 Fla. 54, 45 South.
Rep. 998, text 1002; Seaboard Air Line Ry. v.
Harby, 55 Fla. 555, 46 South. Rep. 590. So far as is
made to appear to us, practically all of the testimony
so proffered by the plaintiffs and excluded by the court
was violative of some of the cardinal rules of evidence
or of settled principles regulating the trial of causes.
Some of it sought to vary, alter or contradict a written
instrument, which we have already discussed above.
Other portions were violative of the principle that no
evidence is admissible which does not correspond with
the pleadings and tend to prove the issues. In other
words, the *allegata* and *probata* must meet and corre-
spond. Pinney v. Pinney, 46 Fla. 559, 35 South. Rep.
95, and authorities there cited; Horne v. J. C. Turner
Lumber Co., 55 Fla. 690, 45 South. Rep. 1016. The

proof offered by the plaintiff must be confined to the bill of particulars or cause of action, and no evidence would be admissible which varied or contradicted the same. State v. Seaboard Air Line Ry., decided here at the present term, and authorities there cited.

The sixtieth assignment is that "the court erred in directing a verdict for the defendants after the conclusion of the testimony on behalf of the plaintiff, on motion of the defendants." The plaintiffs earnestly contend that such direction of a verdict was violative of that portion of Section 1496 of the General Statutes of 1906, which is as follows:

"If, however, upon the conclusion of the argument of counsel in any civil case, after all the evidence shall have been submitted, it be apparent to the judge of the circuit court, or county court, that no evidence has been submitted upon which the jury could lawfully find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party."

We find that the bill of exceptions discloses the following:

"And thereupon the plaintiffs announced to the court that they had closed their case, and the defendants thereupon moved the court to instruct the jury to render a verdict for the defendants, which motion was then and there granted, and the court then and there directed the jury to render a verdict in favor of the defendants, which was thereupon done, and the said jury then and there rendered a verdict in the following form: 'We the jury find for the defendants, W. E. McGahagin, Foreman.'"

It will be observed that no objection or protest was made by the defendants to this direction and that no exception was taken or noted thereto at the time. The only way in which it comes before us at all is in the

motion for a new trial, forming the 14th ground thereof, which is that "the court erred in directing a verdict for the defendants." So far as we are advised, the defendants never requested the privilege or right of making an argument to the jury or even intimated that they wished to do so. We fully approve of what we said in Knight v. Empire Land Co., 55 Fla. 301, 45 South. Rep. 1025, cited to us by the defendants, but fail to see its applicability in the instant case. Assuming, without deciding, that the language of Section 1500 of the General Statutes of 1906 is sufficiently broad to authorize the embodying in a motion for a new trial a direction to the jury to find a verdict, which shall be taken as an exception to such direction, we are convinced that even if the trial court committed technical error in giving such direction before argument of counsel was had, it was harmless and not sufficient to warrant a reversal of the judgment. Assuming as true all the evidence adduced by the plaintiffs which was admitted and viewing it in the most favorable light for the plaintiffs, we do not see how a verdict could have been rendered in their favor. This assignment must fail.

The only remaining assignment is based upon the denial of the motion for a new trial. It presents nothing that we have not already considered, so any discussion thereof becomes unnecessary.

In going through the transcript of the record with the plaintiffs in their quest for error, we have borne in mind that the primary object of a writ of error is not to try the question between the parties but rather to try the judgment of the court below, to test the judgment by the law. See Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, text 172, 42 South. Rep. 529, text 532, and authorities there cited, especially State ex rel. Merchants National Bank v. Hull, Clerk, 37 Fla.

579, text 583, 20 South. Rep. 762, text 764. We have subjected the judgment to all the tests suggested in the assignment of errors which have been argued before us, assisted in so doing by the briefs of the respective counsel, and have failed to discover any reversible error, therefore, the judgment must be affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.