FLORENCE M. KIRTON, *Plaintiff in Error*, v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, AND ATLANTIC LAND AND IMPROVEMENT COMPANY, A CORPORATION, *Defendants in Error.*

1.  A demurrer to pleas reaches back to the declaration, and if the declaration is defective in substance the judgment of the court in sustaining such demurrer must be held to be correct, regardless of the sufficiency of the pleas.

2.  A declaration in an action at law should allege distinctly and clearly every fact that is essential to the plaintiff's right of action.

3. Where the allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on general demurrer, provided such repugnancy and inconsistency relates to matters of substance, and not of form only.

4. The facts and circumstances upon which a plaintiff seeks to base her right to recover damages in an action brought against two corporations jointly for the death of her husband, alleged to have been caused by the negligence of such defendant corporation, are matters with which the plaintiff is presumed to have acquainted herself before the institution of the action, and she will be presumed to have stated them, so far as the same may be necessary, in her declaration as strongly and favorably to herself as she could, exercising her privilege of selecting her own language in which to couch them.

5. The defendant in every action should be apprised with sufficient definiteness and clearness of the charge which seeks to fasten a liability to enable him to prepare a proper defense.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Glen & Himes,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendants in Error.

SHACKLEFORD, J.—This is an action of trespass on the case instituted by the plaintiff in error as plaintiff against the defendants in error as defendants in the Circuit Court for Hillsborough County. A final judgment was entered by the trial court in favor of the defendants,

consequent upon the overruling of plaintiff's demurrer interposed to certain pleas filed by defendants, which judgment plaintiff seeks to have reviewed here by writ of error.

The declaration is as follows: "Florence M. Kirton, the plaintiff by Glen & Himes, her attorneys, sues the Atlantic Coast Line Railroad Company and Atlantic Land and Improvement Company, defendants, and each a corporation organized under the laws of the State of Virginia,—

First, For this that heretofore to-wit on March 5th, 1907, the plaintiff, Florence M. Kirton was the wife of J. R. Kirton, and is now the widow of the said J. R. Kirton, and on the date aforesaid to-wit March 5th, 1907, and for a long time prior thereto, the defendant, Atlantic Coast Line Railroad Company, was a railroad corporation possessed of, using and operating, a commercial steam railroad for the carriage of freight and passengers extending from Jacksonville and other points in the State of Florida through said Hillsborough County to Port Tampa, Florida, located on the waters of Tampa Bay, and operating divers and sundry trains of cars with locomotives thereto attached over the same, and in the conduct of its said business as a common carrier received for transportation and transported great quantities of lumber, phosphate and other freight to said Port Tampa, consigned to be thence shipped by water on vessels to all parts of the world:

And for that said Atlantic Coast Line Railroad Company before and on said date to-wit March 5th, 1907, was possessed of and using a certain switch track or siding as a part of its said system of railroad at or near Port Tampa, aforesaid, and at frequent intervals operated its engines, cars and trains over, along and upon said siding; and on said date the said J. R. Kirton was

then and there an employee of the said Atlantic Coast
Line Railroad Company and his duties as such employee
aforesaid required of him in discharging the same to
be and to go upon the said siding:

· And for that on said date the defendant, Atlantic
Land and Improvement Company was seized and pos-
sessed of certain terminals at Port Tampa aforesaid,
embracing wharves, docks, yards, depot buildings and
freight elevators, together with the lands upon which
the same were situated, and then and for a long time
prior thereto suffered and permitted the defendant, At-
lantic Coast Line Railroad Company, to maintain its
tracks, switches and yards over and upon said terminals,
and to have the terminus of its said railroad at said
Port upon the same, and to run and operate its trains,
cars and locomotives transporting both freight and
passengers over and upon said terminals, and said At-
lantic Land and Improvement Company under a traffic
agreement with and for said Atlantic Coast Line Rail-
road then was and for a long time prior thereto had
been engaged in unloading great quantities of lumber,
phosphate and other freight from the cars of said rail-
road company into ocean-going vessels and other water
craft touching at said Port Tampa to receive said freight
so transported to said Port Tampa by said Atlantic
Coast Line Railroad Company, and likewise had been
and then was thus engaged in loading the cars of said
Atlantic Coast Line Railroad Company with great quan-
tities of freight delivered at said Port by ocean-going
vessels and other water-craft for transportation over
the said line of railway of the defendant, Atlantic Coast
Line Railroad Company, and which said business was
carried on by said Atlantic Land and Improvement Com-
pany at said Port Tampa with and for no railroad com-
pany other than the defendant, Atlantic Coast Line Rail-

road Company, and which said terminals were occupied by no railroad company other than said Atlantic Coast Line Railroad 'Company:

And for that on said date said Atlantic Land and Improvement Company was seized and possessed of and operating a certain steam freight elevator which was then and there adjacent to the switch track hereinbefore mentioned, and said defendant by means thereof was engaged in unloading great quantities of phosphate from the cars of defendant, Atlantic Coast Line Railroad Company, on said switch track and in so doing from time to time was moving and shifting the cars of said railroad company along and upon said switch track:

And plaintiff avers that on said date, to wit on March 5th, 1907, the defendants so carelessly and negligently moved and operated a train of cars of defendant, Atlantic Coast Line Railroad Company along and upon said switch track hereinbefore mentioned, that by means thereof said cars with great force and violence ran upon, caught and crushed one of the legs and feet of the said J. R. Kirton, who was then and there upon said switch track engaged in the due performance of his said duties, and the said J. R. Kirton was thereby mortally wounded, mangled and bruised, and from the said injuries so inflicted as aforesaid the said J. R. Kirton thereafter died, to-wit, on March 7th, A. D. 1907.

Wherefore the plaintiff sues the defendants and claims Thirty Thousand Dollars damages."

The defendants attacked this declaration by way of demurrer, which was overruled, whereupon they filed the pleas which were also called in question by demurrer and the same was likewise overruled. It is urged before us by the defendants that the demurrer to the pleas reaches back to the declaration, and if the declaration is bad the judgment of the court below was correct re-

gardless of the sufficiency of the pleas, which contention is admitted by the plaintiff to be correct. See Sanford v. Cloud, 17 Fla. 532, and Atlantic Coast Line Railroad Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761. It becomes necessary for us, then, to examine and determine the sufficiency of the declaration.

. It is settled law here that every pleading is to be construed most strictly against the pleader thereof, and also that a declaration in an action at law should allege distinctly and clearly every fact that is essential to the plaintiff's right of action. It is also settled law that where the allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on general demurrer, provided such repugnancy and inconsistency relate to matters of substance, and not of form only. See Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992, and authorities there cited.

Taking up the declaration for examination, we are first impressed with the amplitude of the inducement contrasted with the charging part. The plaintiff must be presumed to be acquainted with all the facts connected with and constituting the alleged negligence of the defendants which resulted in and caused the death of the plaintiff's husband, the liability for which she seeks to fasten upon the defendants and have them respond in damages. We must also presume that she has stated her case in the declaration as strongly and as favorably as the facts would permit. She had the selection of the language therein in which to make her meaning clear. See concurring opinion in Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 529, and Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761, and the authorities there cited.

As we understand the declaration, the defendant, At-

lantic Land and Improvement Company, owned certain
terminals at Port Tampa, over and upon which it per-
mitted the other defendant, Atlantic Coast Line Railroad
Company, to maintain its tracks and run and operate
its trains; that, under a traffic agreement existing be-
tween the two defendants, the Atlantic Land and Im-
provement Company, at the date of the alleged injury
to the plaintiff's husband, who was an employee of the
Atlantic Coast Line Railroad Company, was engaged in
loading the cars of such Railroad Company with great
quantities of freight from vessels, and "that on said
date" the Land Company was operating a certain steam
freight elevator adjacent to a switch track of the rail-
road company, by means whereof it was engaged in un-
loading great quantities of phosphate from the cars of
the railroad company, "and in so doing from time to time
was moving and shifting the cars of said Railroad Com-
pany along and upon said switch track." It had been
stated in a previous paragraph of the declaration that
it was the duty of plaintiff's husband as such employee
of Railroad Company "to be and go upon the said siding"
upon which such Railroad Company at intervals operated
its engines, cars and trains. After all these allegations
in the declaration comes what we consider as the real
charging part thereof, whereby it is sought to fasten lia-
bility upon the defendants. This is quite short, and in
order to emphasize it, as well as for the sake of conven-
ience, we here set it out again. "And plaintiff avers that
on said date, to-wit on March 5th, 1907, the defendants
so carelessly and negligently moved and operated a train
of cars of defendant, Atlantic Coast Line Railroad Com-
pany along and upon said switch track hereinbefore men-
tioned, that by means thereof said cars with great force
and violence ran upon, caught, and crushed one of the
legs and feet of the said J. R. Kirton, who was then and

there upon said switch track engaged in the due performance of his said duties, and the said J. R. Kirton was thereby mortally wounded, mangled and bruised, and from the said injuries so inflicted as aforesaid the said J. R. Kirton thereafter died, to-wit, on March 7th, A. D. 1907."

It will be observed that in the immediately preceding paragraph it was alleged that the Land Company, on the date of the injury is alleged to have occurred, "from time to time was moving and shifting the cars of said Railroad Company along and upon said switch track." If it is intended to charge in this allegation that such Land Company was moving the cars *at the time* on the day in question when the alleged injury was occasioned, and if that is the correct inference to be drawn therefrom, which is by no means clear, then there is a variance, if not a contradiction, between it and the next paragraph, which we have just copied above, wherein it is said that both defendants so carelessly and negligently operated the cars of the Railroad Company as to occasion such injury. We do not understand, and cannot gather from the allegations in the declaration, that the two defendant corporations were engaged in operating the same train of cars at one and the same time. It is not alleged in the declaration that the Railroad Company had temporarily surrendered its right to operate the cars to the Land Company, even if that could be done. We have held that "In actions where negligence is the basis of recovery it is not necessary for the declaration to set out the facts constituting the negligence, but an allegation of sufficient acts causing injury, coupled with an averment that they were negligently done, will be sufficient." Jacksonville Electric Co. v. Schmetzer, 53 Fla. 370, 43 South. Rep. 85, and authorities there cited. This is very liberal, and we are not disposed to go any further. This in no wise conflicts with the other prin-

ciples enunciated by this court concerning pleadings general and to which we have already referred. The defendant in every action should be apprised with sufficient definiteness and clearness of the charge which seeks to fasten a liability to enable him to prepare a proper defense. We are of the opinion that the declaration in the instant case is not up to the requirements of good pleading and that the demurrer interposed thereto ought to have been sustained. More could be said in the way of pointing out the defective nature of the declaration, but what we have said is sufficient. Having reached this conclusion, it becomes unnecessary to consider the pleas or to determine whether or not they were open to the attack made on them by the demurrer. See City of Orlando v. Heard, 29 Fla. 581, 11 South. Rep. 182; South Florida Tel. Co. v. Maloney, 34 Fla. 338, 16 South. Rep. 280; Florida Cent. & P. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832; Royal Phosphate Co. v. VanNess, 53 Fla. 135, 43 South. Rep. 916.

Judgment affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.