COWART, Judge.
We affirm the summary judgment in favor of appellee C.P.A. as to counts one and three of appellant’s complaint against the C.P.A. because the uncontested facts before the trial court showed that the applicable two year statute of limitations (§ 95.-ll(4)(a), Fla.Stat.) barred those counts.
In Landers v. Milton, 370 So.2d 368 (Fla.1979), the Florida Supreme Court stated that a party who moves for summary judgment based upon the statute of limitations must sustain its initial burden by demonstrating that, on the face of the pleadings, the cause of action is time barred. In this case, however, appellant alleges in count two that it was damaged by the C.P.A.’s breach, on September 23, 1983, of an agreement separate and distinct from the agreements alleged in counts one and three. The complaint was filed within two years of September 23, 1983. Under the facts as alleged, a different statute of limitations period ran from the time of the breach alleged in counts one and three. Accordingly, the C.P.A. has failed to demonstrate that the breach alleged in count two is barred by the statute of limitations.[1]
Therefore, because the C.P.A. failed to meet his initial burden in moving for summary judgment based upon the statute of limitations for count two,[2] we reverse the summary judgment as to that count.[3]
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB, C.J., and ORFINGER, J., concur.

.The C.P.A. argues that when allegations in a pleading are internally repugnant the pleading is a nullity and that counts one and two are contradictory. The cases the C.P.A. cites for this argument, including Hoopes v. Crane, 56 Fla. 395, 47 So. 992 (1908), hold merely that contradictory allegations within a single count neutralize each other and render the count insufficient on its face. Count two of the complaint alleges a completely different cause of action from counts one and three. Count two itself does not contain contradictory allegations. Furthermore, the C.P.A. appears to raise his repugnancy argument for the first time on appeal. Repugnancy should be attacked by motion to dismiss a pleading for failure to state a cause of action. See generally Trawick, Fla. Prac. and Proc., § 6-7 (1985).

. The C.P.A.’s unsupported assertion that there was no new contract is not sufficient to support the summary judgment. At best, the assertion demonstrates that there exists factual issues of whether the $500 appellant allegedly paid the C.P.A. was only for past services, was on account, or was paid as consideration for a new and separate agreement relating to performance of an existing agreement by a certain date.

. We express no opinion as to the propriety, or measure, of damages under count two as those matters are not before us.