In re SURE–SNAP CORPORATION, Debtor.

SURE–SNAP CORPORATION, Plaintiff,

v.

John R. MILLER, Defendant.

Bankruptcy No. 87–00985–BKC–SMW.
Adv. No. 88–0410–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Oct. 3, 1988.

See also, Bkrtcy., 88 B.R. 449.

Shapiro, Leder, Breitner & Taplin, Miami, Fla., for defendants, Elaine Shure, individually and as personal representative of the Estate of Alfred Shure, deceased and formerly d/b/a Roxanna Embroideries Company, Roxanna Print Div., Roxanna Embroidery, Inc., and Betsy Ross, Inc.

Levine, Geiger, Kuperstein & Freud, P.A., Miami, Fla., for plaintiff, John R. Miller.

## MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION FOR REHEARING, APPROVING STIPULATION FOR SETTLEMENT AND ALLOWING CLAIM AGAINST THE ESTATE

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on September 23, 1988, on JOHN R. MILLER'S Motion for Rehearing of Order Denying Defendant's Motion to Dismiss Adversary Proceeding and to Compel Consideration of Stipulation for Settlement, and the Court, having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witness, considered the argument of counsel, and being otherwise duly advised in the premises, does hereby make the following findings of fact and conclusions of law:

The debtor in possession filed a Chapter 11 bankruptcy case on March 26, 1987. On that same day the movant had filed an amended complaint in state court against the debtor corporation and other related parties. The state court action was stayed, as against the debtor corporation, due to the bankruptcy filing, but the litigation proceeded as against the other named parties. One of the remaining parties, in the state court action, was the principal officer of the debtor corporation.

As the bankruptcy case proceeded in the bankruptcy court, the litigation against the debtor's principal and other related entities also continued in state court. On the eve of trial of the state court matter, the principal of the debtor corporation, through counsel, did agree to settle that cause by allowing the movant an unsecured claim in the amount of $15,000.00 against the debtor in possession's estate, wherein all unsecured claims were to be paid 100% over the term of the plan. The terms of the stipulation were set forth in writing by the principal's state court counsel, but the Stipulation for Settlement was never actually signed by the parties.

Meanwhile, the bankruptcy case had progressed to the stage that the debtor in possession had filed a plan of reorganization and disclosure statement and was soliciting votes for acceptance of said plan. In reliance on the settlement negotiations, the claimant filed a timely ballot accepting the debtor's plan and listing his debt amount at the anticipated settlement amount. The debt figure, as set forth on the claimant's ballot, reflected a substantial reduction from the amount previously claimed by the movant, and as set forth in the proofs of claim as originally filed by the movant against this estate.

The ballots for confirmation were due to be filed with the bankruptcy court on April 25, 1988, and the hearing on confirmation was originally scheduled for May 10, 1988. However, on April 28th, after balloting was complete, the debtor in possession requested a continuation of the confirmation hearing and said hearing was reset for June 16, 1988. On that same date (i.e. June 16, 1988)—fifty-two (52) days after balloting was complete—the debtor in possession,

through counsel, filed an objection to the movant's claim.

Subsequently, on July 29, 1988, the debtor did cause to be filed a motion to substitute attorneys for the continued representation of the debtor corporation. Counsel for the claimant appeared at the hearing on the motion to substitute counsel and the Court noted said counsel's expressed concern that the substitution would disrupt issues previously resolved by the parties, particularly the movant's claim against the estate. The Court authorized the substitution of counsel by Order dated August 8, 1988.

Substituted counsel promptly withdrew the pending motion objecting to the movant's claim, asserting that the objection was more appropriately the subject matter of an adversary proceeding. Thereafter, the instant adversary proceeding was filed, on behalf of the debtor corporation, seeking a declaratory judgment striking the movant's claim as false, objecting to the movant's claim and seeking various other relief.

In response to said complaint, movant's counsel filed a Motion to Dismiss Adversary Proceeding and to Compel Consideration of Stipulation for Settlement. After hearing, the motion was denied on the basis that the Stipulation for Settlement was not fully executed by the parties and that, therefore, the Court could not recognize or enforce same.

Counsel for the movant moved for rehearing of the order denying the motion to dismiss on the grounds of legal error. Upon rehearing, the Court finds in favor of the movant, vacating this Court's previous Order denying dismissal of the adversary complaint, authorizing and approving the Stipulation of Settlement, allowing movant's claim against the estate as set forth in said stipulation, and dismissing this adversary proceeding, for the reasons set forth below:

Former Fla.R.Civ.P. 1.030(d) provided:

(d) *Stipulations.* No private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the parties or his attorney against whom it is alleged; provided that parole agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of. the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived. Fla.R.Civ.P. 1.030(d) 1978.

Case law under this particular rule was interpreted as requiring, for court enforcement, a written instrument signed by the party against whom it was asserted. However, this rule of civil procedure was repealed on July 1, 1979, and current Florida law no longer requires that a settlement agreement be in writing to be enforceable. (See *Dania Jai–Alai Palace, Inc. v. Sykes,* 495 So.2d 859 (Fla. 4th D.C.A.1986)).

The Florida courts, since the repeal of this rule, have consistently held that settlement agreements are to be interpreted and governed by the law of contracts. (*Dorson v. Dorson,* 393 So.2d 632 (Fla. 4th D.C.A.1981); *Gaines v. Nortrust Realty Management,* 422 So.2d 1037, 1039 (3rd D.C.A.1982); *Robbie v. City of Miami,* 469 So.2d 1384 (Fla.1985). In order to establish the basis of a contract, there must be common intent, or a "meeting of the minds" as to the subject matter of the settlement. (See *Gaines, supra,* citing *Kuharske v. Lake County Citrus Sales,* 44 So.2d 641 (Fla.1949) and *Hewitt v. Price,* 222 So.2d 247 (Fla. 3rd D.C.A.1969). As long as an intent to settle the essential elements of the cause can be established, it matters not that the agreement is not fully executed or reduced to writing, as even oral settlements have been fully recognized and approved by the Courts of this state. ' (*Dania Jai–Alai, supra.* at 860, 862; See also *Robbie, supra* ). In 1985, the Florida Supreme Court very succinctly stated that "... settlements are highly favored and will be enforced whenever possible", even in the absence of a fully executed written agreement. (See *Robbie, supra,* citing *Pearson v. Ecological Science Corp.,* 522 F.2d 171 (5th Cir.1975) *cert. denied* 425

U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976).

 Upon rehearing, the Court heard and considered the testimony of the attorney that represented the debtor's principal officer in the state court litigation and in the resulting settlement negotiations, and finds that an agreement to settle the cause had been reached by the parties. The Stipulation for Settlement, as admitted into evidence in this cause, reflects that it was prepared, drafted, and/or redrafted by the debtor's principal's state court counsel. There has been no objection to the terms of the stipulation, and the uncontraverted testimony of the principal's state court counsel establishes that the parties intended to settle the state court proceeding under the terms as set forth in said stipulation, subject only to the approval of the bankruptcy court.

The Court finds, based upon a thorough review of the evidence and testimony submitted, that there was clearly an intent to settle the state court proceeding through the allowance of the movant's claim against the debtor corporation. The Court further finds that the principal of the debtor corporation had the authority to commit the corporation to the payment of the respective claim, subject to the approval of the bankruptcy court. Accordingly, the Court does hereby approve and ratify the Stipulation for Settlement, as proposed in the state court proceedings, and as attached hereto and incorporated herein, as a binding and enforceable agreement. The claimant is therefore allowed a claim against the estate of the debtor corporation, under the terms and conditions as set forth in said Stipulation for Settlement.

The Court also finds that the allowance of this claim shall in no way impair the rights of other unsecured creditors of this estate, as all unsecured creditors shall receive a 100% distribution under the terms of the plan as confirmed by this Court, and accordingly, the court hereby waives further notice to creditors of this estate.

In summary and as set forth herein, it is hereby

ORDERED AND ADJUDGED that:

1. The defendant's motion for rehearing of this Court's Order Denying Defendant's Motion to Dismiss Adversary Proceeding and to Compel Consideration of Stipulation for Settlement is granted, and the Order dated September 8, 1988 is hereby vacated.

2. The Stipulation for Settlement, attached hereto and incorporated herein as Exhibit "A", represents the intention of the parties to resolve the movant's claim against the estate of the debtor corporation for the total settlement amount of $15,-000.00 payable as an unsecured claim over the term of the chapter 11 plan as previously approved and confirmed by this Court. The terms of said Stipulation for Settlement are hereby accepted, ratified and approved by the Court as a binding agreement between the parties.

3. The Movant's claim against the estate of the debtor corporation shall be as set forth above and in the attached Stipulation for Settlement.

4. This adversary complaint, seeking to strike the movant's claim and other relief, is hereby dismissed with prejudice.

5. Further notice to creditors of this estate is hereby waived.

### EXHIBIT A

In the Circuit Court of the 11th Judicial Circuit In and For Dade County, Florida

General Jurisdiction Division

Case No: 86–50665 CA 15

John R. Miller, Plaintiff,

vs.

Elaine Shure, etc., et al., Defendants.

STIPULATION FOR SETTLEMENT

Plaintiff, John R. Miller (hereinafter "Miller") and Defendants, Elaine Shure, individually and as personal representative of the Estate of Alfred Shure, deceased and formerly d/b/a Roxanna Embroideries Company, Roxanna Print Division, Roxanna Embroidery, Inc., and Betsy Ross, Inc. (hereinafter "Defendants"), stipulate and

agree to settlement of this case upon the following terms and conditions:

1. Defendants agree that Miller shall be paid the total settlement amount of $15,-000.00 by Shure–Snap Corporation, currently before the United States District Court as a Debtor-in-Possession pursuant to Chapter 11 of the United States Bankruptcy Code.

2. Miller's claim (settlement amount) will be implemented by including same as an unsecured creditor's claim in the Reorganization Plan to be filed by Shure–Snap Corporation in the bankruptcy proceedings.

3. The plan to be submitted for approval of the Bankruptcy Court is contemplated to be a 100% plan, i.e. one which, *inter alia*, requires the Debtor-in-Possession to pay off unsecured creditors at full value for their claims over the term approved by the Court.

4. Miller and Defendants agree to stay the Circuit Court action pending Bankruptcy Court approval of the reorganization plan as described above.

5. In the event that the reorganization plan calling for recognition of 100% of Miller's claim is not approved, or in the event that same is not paid in accordance with the plan, then Miller shall have the right to resume this litigation in this Circuit Court action, as if this settlement had not been entered into. Counsel for the Defendants agrees to accept service of process directed to said Defendants in the event that litigation is resumed in accordance with this Stipulation.

6. Miller and Defendants agree that each party shall bear its own costs and fees incurred in this litigation.

7. The Circuit Court shall retain jurisdiction for the purpose of the stay contemplated hereunder and for the purpose of enforcement of this Stipulation and entering further orders as are proper and just under the circumstances.

8. The parties agree that the Statute of Limitations on all causes of action against the Defendants shall be tolled during the time that the Chapter 11 Plan contemplated herein remains in effect.

By: _____
PAUL D. BREITNER

By: _____
JOHN S. FREUD

RATIFIED AND APPROVED:

By: _____
ELAINE SHURE