**PARKER–MARSHALL GROUP, INC., Appellant,**

v.

**Jack M. LEE, Appellee.**

No. 94–233–CIV–FTM–17(D).

United States District Court, M.D. Florida, Fort Myers Division.

July 3, 1995.

---

298

Domenic L. Massari, III, Massari & Bell, P.A., Tampa, FL, for appellant.

Larry Michael Foyle, Kass Hodges, P.A., Tampa, FL, for appellee.

## *ORDER*

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the "Order Denying Appellant's Motion to Enforce Settlement," entered on May 18, 1994, by Chief Bankruptcy Judge Alexander L. Paskay. Jurisdiction over appeals from final judgments, orders and decrees of the Bankruptcy Court is vested in the Federal District courts. 28 U.S.C. § 158(a).

The issue presented for this Court's review is whether the Bankruptcy Court erred in denying Appellant's Motion to Enforce Settlement.

### *STANDARD OF APPELLATE REVIEW*

The District Court is bound by the findings of fact made by the Bankruptcy Court unless it determines them clearly erroneous. The burden is on the appellant to show that the Bankruptcy Court's finding is clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir.1986). Appellant is entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the

facts. *In re Owen*, 86 B.R. 691 (M.D.Fla. 1988).

## FACTS

On May 7, 1990, Appellant Parker–Marshall Group (Appellant) filed suit against Appellee Jack M. Lee (Appellee) in the United States District Court for the Central District of Illinois. On December 18, 1990, the District Court granted Appellant partial summary judgment and ordered Appellee to account for cash transferred by Appellee from Appellant to other corporations controlled by Appellee and his family.

On February 20, 1991, Appellee filed a Petition for Relief pursuant to Chapter 7 of Title 11 of the United States Code. On August 4, 1991, Appellant filed an Adversary Complaint objecting to Appellee's discharge and to Appellee's non-dischargeability of Appellant's claims raised in the Illinois District Court.

Pursuant to Appellant's Adversary Complaint, the parties undertook discovery which determined that Appellee and his family had engaged in transactions which could give rise to fraudulent transfer and other claims being brought by Chapter 7 Trustee, Diane Jensen (Jensen), in Appellee's Chapter 7 bankruptcy case.

At this time, settlement negotiations began between counsel for Appellant and Appellee. On May 27, 1992 and June 23, 1992, counsel for Appellant and Appellee filed a Joint Motion to Compromise Controversy, advising the Bankruptcy Court that the parties had "reached a settlement on Parker–Marshall's dischargeability claims." (Joint Motion to Compromise Controversy Bankruptcy Court Case No. 91–2087–9P7, Docket No. 117 and Bankruptcy Court Adversary Proceeding No. 91–558, Docket No.'s 52 and 54).

On August 7, 1992, the Bankruptcy Court held a hearing to consider the Joint Motion to Compromise Controversy, at which the Court advised that a different structure must be utilized to obtain approval of the Settlement among the parties. Subsequently, Jensen filed a Motion to Approve Compromise (Bankruptcy Court Case No. 91–2087–9P7, Docket No. 131) and Appellant filed a Motion to Dismiss Discharge Counts of its complaint. (Bankruptcy Court Adversary Proceeding No. 91–558, Docket No. 58).

On June 21, 1993, the Bankruptcy Court entered an order on the Motion to Dismiss Discharge Action, giving third parties twenty days to intervene. (Bankruptcy Court Adversary Proceeding No. 91–558, Docket no. 89). As of July 11, 1993, no third party had filed a Motion to Intervene in the discharge action.

On July 19, 1993, counsel for Appellant and Appellee filed a second Joint Motion to Compromise Controversy. (Bankruptcy Court Adversary proceeding No. 91–558, Docket No. 70). In accordance with the terms of the Settlement Agreement, counsel for Appellant and Appellee filed a Joint Motion to File Documents *In Camera*, requesting the Court seal the record regarding the terms of the Settlement Agreement. (Bankruptcy Court Adversary Proceeding No. 91–558, Docket No. 71). As a result, neither of the parties announced the terms of the Settlement in the Bankruptcy Court.

On August 9, 1993, counsel for Appellee advised counsel for Appellant that Appellee would not sign the Settlement. (Affidavit of Thomas Rosenfeld, Esq. Bankruptcy Court Adversary Proceeding No. 91–558, Docket No. 89). From this point, the following motions and orders were entered:

1) August 11, 1993: Appellant filed Motion to Enforce Settlement. (Bankruptcy Court Case No. 91–2087–9P7, Docket No. 134 and Bankruptcy Court Adversary Proceeding No. 91–558, Docket No. 74).

2) March 4, 1994: Bankruptcy Court entered Order Denying Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 74).

3) March 9, 1994: Bankruptcy Court entered Order Vacating Order Denying Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 85).

4) March 9, 1994: Bankruptcy Court entered Order Directing Appellant to Identify and Submit Transcript. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 86).

5) March 24, 1994: Appellant filed Motion to Request Entry of Order on Briefs in Connection with Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 87).

6) March 28, 1994: Appellant filed Request for Judicial Notice and Application of Judicial Estoppel. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 88).

7) April 14, 1994: Appellee filed Response to Appellant Request for Judicial Notice and Application of Judicial Estoppel. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 91).

8) April 15, 1994: Appellant filed Reply to Appellee Response to Request for Judicial Notice and Application of Judicial Estoppel and Amended Motion for Re–Entry of March 4, 1994, Order Denying Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 90).

9) April 18, 1994: Appellee filed Amended Motion for Re–Entry of March 4, 1994 Order Denying Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 92).

10) May 2, 1994: Bankruptcy Court entered Order Denying Appellant Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 93).

11) May 12, 1994: Appellant filed Motion for Reconsideration on the Bankruptcy Court's Order Denying Appellant Motion to Enforce Settlement, to vacate Same and Enter Order Granting Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 93).

12) May 18, 1994: Bankruptcy Court entered Order Denying Appellant Motion for Reconsideration. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 94).

13) May 31, 1994: Appellant filed Notice of Appeal of Bankruptcy Court Order Denying Appellant Motion to Enforce Settlement. (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 95).

## DISCUSSION

Appellant requests this Court enter an order reversing the Bankruptcy Court's May 2, 1994, Order Denying Motion to Enforce Settlement, enforce the Settlement, and grant such other relief as this Court deems just and appropriate. These requests are based upon three arguments.

Appellant contends that the Bankruptcy Court made legal errors in holding that (1) a settlement agreement executed by the debtor is not a prerequisite to enforcement of a settlement; (2) the Doctrine of Estoppel is inapplicable; and (3) court approval is essential to the settlement binding the debtor. Appellant further contends that the Bankruptcy Court's Order Denying Appellant's Motion to Enforce Settlement (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 93) contains numerous factual inaccuracies concerning (1) the posture of the case; (2) the execution of the Settlement; and (3) court approval as a condition precedent to enforcement of the Settlement. Finally, Appellant contends that public policy favors the enforcement of settlement agreements over the policy respecting a debtor's fresh start in bankruptcy.

*Bankruptcy Court Did Not Make Legal Errors in its Holding and Public Policy Favors a Debtor's Fresh Start in Bankruptcy*

▮ Appellant contends that the Settlement need not be executed by the Appellee to be enforceable, and that court approval is not essential to the Settlement binding the Appellee. However, the Settlement (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 88) provides in pertinent part:

B. The parties shall seek Bankruptcy Court approval of this agreement by filing with the Court the Adversary Joint Motion upon the parties' complete execution of this Agreement and complete execution and delivery (and acknowledgement, where applicable) of the Settlement Documents to Escrowee.

C. Escrowee shall hold, maintain and disburse the Settlement Documents in accordance with the following:

1. If the Bankruptcy Court enters an order specifically and finally disapproving of this Agreement, then this Agreement shall be null and void, and the Escrowee shall be obligated to: (i) destroy the Illinois Litigation Dismissal Memorandum; and (ii) return the remaining Settlement Documents to the respective parties who delivered them to escrowee.

Appellant provides case law indicating that a settlement agreement need not be executed to be enforceable. *In re Sure–Snap Corp.,* 91 B.R. 178 (Bankr.S.D.Fla.1988). However, where execution by Appellee may not have been required to enforce the Settlement, the terms of the Settlement required Bankruptcy Court approval prior to enforcement. Thus Bankruptcy Court approval was clearly a condition precedent to the Settlement binding the Appellee.

Appellant further contends that public policy favors the enforcement of settlements and that the 11th and 5th Circuits have summarily enforced settlements, without an evidentiary hearing, upon a showing that an authorized settlement agreement was made. *Murchison v. Grand Cypress Hotel Corp.,* 13 F.3d 1483 (11th Cir.1994); *CIA Anon Venezolana De Navegacion v. Harris,* 374 F.2d 33 (5th Cir.1967).

Courts have consistently upheld the basic purpose of the Bankruptcy Code, which is to give debtors a "fresh start" in life, free from the pressures of pre-existing debt. *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *In re Lyle,* 166 B.R. 972 (Bankr.M.D.Fla.1994); *In re Latorre,* 164 B.R. 692 (Bankr.M.D.Fla.1994). The Bankruptcy Court was not clearly erroneous in its decision not to enforce the settlement; rather, the Court was enforcing the basic purpose of the Bankruptcy Code in protecting the fresh start interests of the Appellee.

*Bankruptcy Court Did Not Err in Refusing to Apply the Doctrines of Equitable and Judicial Estoppel*

■ Appellant states that it has markedly changed its position in reliance on the existence of the Settlement through its costs in preparing the Settlement, and legal actions it "would" have taken had the Settlement not existed. Appellant claims that Appellee has benefitted from the Settlement due to Appellant's failure to pursue other legal remedies. Appellant contends that a party is estopped from attacking a settlement when that party knows the facts of the settlement, ratifies the settlement through acceptance and accepts the benefits of the settlement. *In re Sav–A–Stop,* 124 B.R. 356 (Bankr.M.D.Fla.1991).

The Doctrine of Equitable Estoppel is not applicable in this situation. The Settlement's terms clearly required Bankruptcy Court approval to be enforceable. The costs incurred in preparing the Settlement and the failure of Appellant to pursue other legal remedies were options pursued by the Appellant and not benefits accepted by Appellee. The Bankruptcy Court was correct in not applying the Doctrine of Equitable Estoppel.

■ Appellant further contends that the Bankruptcy Court erred in failing to apply the Doctrine of Judicial Estoppel. The Doctrine should only be applied when a litigant is playing "fast and loose" with the courts, and when intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. *Scarano v. Central R. Co.,* 203 F.2d 510 (3d Cir.1953); *In re Haynes,* 97 B.R. 1007 (9th Cir. BAP 1989).

This Court finds that Appellee has not intentionally used self-contradiction to obtain an unfair advantage in the Missouri action. Therefore, the Bankruptcy Court did not err in refusing to apply the Doctrine of Judicial Estoppel. Appellee was in the midst of preparing the Settlement, which required court approval. Appellee was not playing "fast and loose" with regards to the existence of the Settlement; the Settlement was merely not approved. Questions concerning the current status of the Settlement may be clarified in the Missouri action.

*Bankruptcy Court's Factual Misstatements Are Harmless Error*

■ Appellant further alleges that the Bankruptcy Court's Order on Motion to Enforce Settlement (Bankruptcy Court Adversary Proceeding No. 558, Docket No. 85)

contains several material inaccuracies. Bankruptcy Rule 9005 permits appellate courts to disregard alleged errors if the errors or defects in the proceeding below do not affect the substantial rights of the parties. *In re Carapella*, 115 B.R. 365 (M.D.Fla.1990).

The Court finds that the errors made by the Bankruptcy Court did not affect substantial rights of the parties; the Court will disregard these errors. Statements concerning the posture of the case and the execution of the Settlement by the Appellant were harmless, due to the requirement of court approval prior to enforceability of the Settlement.

### CONCLUSION

This Court has carefully reviewed the order of Judge Paskay, and the briefs of both parties. Under the quoted standard of review, the Court finds that the findings of fact of the Bankruptcy Court are not clearly erroneous. The Bankruptcy Court's conclusions of law are sound. Accordingly, it is

**ORDERED** that the Order of the Bankruptcy Court be **affirmed** and the Clerk of the Court be **directed** to enter judgment for the Appellee, and dismiss this case.

**DONE and ORDERED.**